# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into this 24th day of October, 2022, by and among (1) Plaintiffs[1], individually and on behalf of the Settlement Class; and (2) TD Bank, N.A. ("TD Bank"), subject to preliminary and final Court approval as required by Rule 23(e) of the Federal Rules of Civil Procedure. As provided herein, TD Bank, Class Counsel, and Plaintiffs hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a Final Order and Judgment, all claims of the Settlement Class against TD Bank in the action titled *Galgano d/b/a Shear Envy Hair Studio, et al. v. TD Bank, N.A.*, Case No. 1:20-cv-05623 (D.N.J.) (the "Action"), shall be settled and compromised upon the terms and conditions contained herein.

## I.   **Recitals**

WHEREAS, on May 6, 2020, Denise Galgano d/b/a Shear Envy Hair Studio, on behalf of herself and others similarly situated, filed a class action complaint in the United States District Court for the District of New Jersey (the "Court"), alleging that TD Bank breached Plaintiff's contracts with TD Bank, as well as the duty of good faith and fair dealing, and violated New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.*;

WHEREAS, on September 15, 2020, Ms. Galgano and Tashina Drakeford ("Plaintiffs") filed an amended class action complaint, alleging that TD Bank also violated New York General Business Law § 349, *et seq.*;

WHEREAS, on June 17, 2021, the Court granted in part and denied in part TD Bank's motion to dismiss the amended class action complaint;

WHEREAS, the Parties engaged in discovery after the Court's motion to dismiss ruling, and a significant production of data and documents were exchanged;

WHEREAS, the Parties engaged in a mediation with JAMS Mediator Ret. Elizabeth Laporte on February 15, 2022, at which time they reached an agreement in principle on terms to settle the Action;

WHEREAS, the Parties continued to negotiate the details of the agreement following the mediation;

WHEREAS, the Plaintiffs and Class Counsel conducted confirmatory discovery;

WHEREAS, the Parties now agree to settle the Action in its entirety pursuant to the terms set forth in this Agreement, without any admission of liability, with respect to all Released Claims of the Settlement Class, and intend this Agreement to bind the Parties and all Settlement Class Members who do not timely request to be excluded from the Settlement;

---

[1]      "Plaintiffs" and other capitalized terms used in this Introduction and in Section I of this Agreement are Defined in Section II below.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree that the Action shall be fully and finally compromised, settled, released, and dismissed with prejudice, subject to the terms and conditions of this Agreement and subject to Final Approval by the Court, as follows.

**II.**   **Definitions**

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

1.   "Administrative Costs" means all fees paid to the Administrator for its services related to the Settlement and all out-of-pocket costs and third-party expenses of the Administrator that are associated with providing notice of the Settlement to the Settlement Class, administering and distributing the Cash Settlement Amount to Participating Settlement Class Members, or otherwise administering or carrying out the terms of the Settlement, including but not limited to postage and telecommunications costs.

2.   "Administrator" means Epiq Systems.  Class Counsel and TD Bank may, by agreement, substitute a different organization as Administrator, subject to approval by the Court if the Court has previously approved the Settlement. In the absence of agreement, either Class Counsel or TD Bank may move the Court to substitute a different organization as Administrator, upon a showing that the responsibilities of Administrator have not been adequately executed by the incumbent.

3.   "Agreement" means this Settlement Agreement and Release.

4.   "Cash Settlement Amount" means the entire cash compensation TD Bank shall pay to the Settlement Class to settle the Action, inclusive of the Fee & Expense Award; the Service Awards; and all Administrative Costs.  TD Bank shall pay a Cash Settlement Amount of Eleven Million Nine Hundred Thousand Dollars (**$11,900,000.00**).

5.   "Class Counsel" means:

Jeffrey D. Kaliel
Sophia Gold
KALIELGOLD PLLC
1100 15th St., NW, 4h Floor
Washington, D.C. 20005

Taras Kick
The Kick Law Firm, APC
815 Moraga Drive
Los Angeles, CA 90049

John E. Keefe Jr.
Stephen T. Sullivan, Jr.
125 Half Mile Road, Suite 100
Red Bank, NJ 07701

6.  "Class Member Award" means an award to a Participating Settlement Class Member of funds from the Net Cash Settlement Amount.

7.  "Class Notices" means the notices of proposed class action settlement (Exhibits A, B, and C attached hereto) that the Parties will ask the Court to approve for transmission to the Settlement Class.

8.  "Class Period" means the following:

    a.  For Settlement Class Members whose accounts were established in Connecticut, Massachusetts, Maine, New Jersey, New York, Rhode Island, and Vermont: the period from May 7, 2014 to December 31, 2019;

    b.  For Settlement Class Members whose accounts were established in Virginia and Florida: the period from May 7, 2015 to December 31, 2019;

    c.  For Settlement Class Members whose accounts were established in Pennsylvania: the period from May 7, 2016 to December 31, 2019;

    d.  For Settlement Class Members whose accounts were established in the District of Columbia, Delaware, Maryland, North Carolina, New Hampshire, and South Carolina: the period from May 7, 2017 to December 31, 2019.

9.  "Complaint" means the amended class action complaint filed in the Action on September 15, 2020.

10. "Court" means the United States District Court for the District of New Jersey.

11. "Defendant" means TD Bank, N.A.

12. "Effective Date" means the date seven (7) calendar days after all of the following events have occurred:

    a.  All Parties, TD Bank's counsel, and Class Counsel have executed this Agreement;

    b.  The Court has entered without material change the Final Approval Order; and

    c.  The time for seeking rehearing or appellate or other review has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or petition for certiorari could be taken has finally expired and relief from a failure to file same is not available.

    Notwithstanding the foregoing, the Effective Date shall not be earlier than thirty-five (35) calendar days after Final Approval. The Effective Date may be extended to such date as the Parties otherwise agree in writing.

3

13.     "Email Notice" means the notice that will be emailed by the Settlement Administrator to Settlement Class Members for whom TD Bank possesses email addresses, in the form attached hereto as Exhibit A.

14.     "Fee & Expense Award" means the attorneys' fees, costs, and expenses that Class Counsel will seek from the Court as more fully described in Section XII.

15.     "Final Approval" means the date of the Court's final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e)(2) and determination of the amount of the Fee & Expense Award, and the amount of the Service Awards to Plaintiffs.  In the event that the Court issues multiple orders addressing the foregoing matters, then the date of Final Approval shall be the date of the last of such orders.

16.     "Final Approval Hearing" means a hearing set by the Court for the purpose of determining the fairness, adequacy, and reasonableness of the Settlement and associated procedures and requirements.

17.     "Final Approval Order" means the order and judgment that the Court enters upon Final Approval.  The proposed Final Approval Order that will be submitted pursuant to the Motion for Final Approval of the Settlement shall be in a form agreed upon by Class Counsel and TD Bank.  In the event that the Court issues multiple orders addressing the matters constituting Final Approval, the Final Approval Order includes all such orders.

18.     "Long-Form Notice" means the detailed notice of the Settlement that will be posted on the Settlement Website, in the form attached hereto as Exhibit C.

19.     "Mail Notice" means the postcard notice that will be mailed by U.S. Postal Service to Settlement Class Members for whom TD Bank does not possess email addresses, in the form attached hereto as Exhibit B.

20.     "National Change of Address Database" means the change of address database maintained by the U.S. Postal Service.

21.     "Net Cash Settlement Amount" means the Cash Settlement Amount, less the Service Awards, the Fee & Expense Award, and the Administrative Costs.

22.     "Notice Deadline" means the date by which the Administrator must complete the Notice Program, which shall be the date ninety (90) calendar days after Preliminary Approval.

23.     "Notice Program" means the methods provided for in this Agreement for transmitting Class Notices to the Settlement Class and consists of (1) the Email Notice; (2) the Mail Notice; and (3) the Long-Form Notice, attached hereto as Exhibits A, B, and C, respectively.  The form of the Email Notice, the Mail Notice, and the Long-Form Notice shall be agreed upon by Class Counsel and TD Bank.  By mutual agreement of the Parties, changes may be made to any or all of the forms of Class Notice.

24.     "Objection Deadline" means the date by which a Settlement Class Member must serve written objections to the Settlement, if any.  The Objection Deadline shall be sixty (60)

calendar days after the Notice Deadline, or on such other date as the Court may order. The Objection Deadline will be specified in the Class Notices.

25. "Opt-Out Deadline" means the date by which a request to opt out must be filed or submitted in writing to the Administrator for a person who would otherwise fall within the Settlement Class to be excluded from the Settlement Class. The Opt-Out deadline shall be sixty (60) calendar days after the Notice Deadline, or on such other date as the Court may order. The Opt-Out Deadline will be specified in the Class Notices.

26. "Out of Network ATM Balance Inquiry Fee" or "OON ATM Balance Inquiry Fee" means the fee TD Bank charged accountholders for conducting a balance inquiry during the same ATM session as a withdrawal or transfer while using a non-TD (i.e., out of network) ATM.

27. "Participating Settlement Class Member" means any Settlement Class Member except for Settlement Class Opt-Outs.

28. "Parties" means Plaintiffs and TD Bank, collectively.

29. "Party" means Plaintiffs or TD Bank, individually.

30. "Plaintiffs" means Denise Galgano d/b/a Shear Envy Hair Studio and Tashina Drakeford, collectively.

31. "Preliminary Approval" means the entry by the Court of the Preliminary Approval Order.

32. "Preliminary Approval Hearing" means any hearing held on Plaintiffs' motion seeking Preliminary Approval.

33. "Preliminary Approval Order" means, as further described in Paragraph 56, the Order approving the form and content of Class Notices and preliminarily certifying the Settlement Class, in a form substantially the same as in the attached Exhibit D.

34. "Releases" means all of the releases contained in Section XVI hereof.

35. "Released Claims" means all claims to be released as specified in Section XVI hereof.

36. "Released Parties" means those persons and entities released as specified in Section XVI hereof.

37. "Releasing Parties" means, as specified in Section XVI hereof, Plaintiffs and all Participating Settlement Class Members, and each of their respective past, present and future heirs, executors, administrators, assigns, beneficiaries, directors, officers, managers, employees, general partners, limited partners, principles, employees, insurers, reinsurers, attorneys, advisors, representatives, predecessors, successors, assigns, and legal representatives.

38. "Service Awards" means payments to the Plaintiffs, not to exceed $7,500.00, for each of the two Plaintiffs, to be paid from the Settlement Fund Account within twenty-one (21) calendar days of the Effective Date.

39. "Settlement" means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are as set forth in this Agreement.

40. "Settlement Class" means all TD Bank accountholders in the United States who, within the applicable Class Period, incurred at least one OON ATM Balance Inquiry Fee. Excluded from the Settlement Class are TD Bank; TD Bank's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which TD Bank has or had a controlling interest. Also excluded from the Settlement Class are federal, state, and local governments and all agencies and subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of her immediate family.

41. "Settlement Class Member" means any person included in the Settlement Class.

42. "Settlement Class Opt-Outs" means the Settlement Class Members who timely and properly opt out of the Settlement, consistent with the terms of this Agreement.

43. "Settlement Fund Account" means an interest-bearing account held by an FDIC-insured financial institution, into which TD Bank shall deposit the Cash Settlement Amount. Class Counsel and TD Bank shall agree on the FDIC-insured financial institution at which the account shall be established.

44. "Settlement Website" means the website that the Administrator will establish as soon as practicable following Preliminary Approval, but prior to the commencement of the Notice Program, and in any event no later than thirty (30) calendar days after Preliminary Approval, as a means for Settlement Class Members to obtain notice of and information about the Settlement.

## III.    Conditional Certification of the Settlement Class

45. For purposes of this Settlement only, the Parties agree to certification of the Settlement Class, as defined above in Paragraph 40, under Rules 23(b)(3) and 23(e) of the Federal Rules of Civil Procedure.

46. TD Bank agrees not to oppose Plaintiffs' request for certification of the Settlement Class for settlement purposes only. In so doing, TD Bank does not admit that any class may be certified for purposes of litigation. This Agreement is entered into without prejudice to TD Bank's rights to oppose certification, or seek decertification, of any litigation class in this Action or any other litigation.

47. In the event that the Settlement does not receive Final Approval, or in the event the Effective Date does not occur, any order certifying the Settlement Class for purposes of effectuating the Settlement and the terms of this Agreement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon

notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Agreement and such findings had never been made, and the Action shall return to the procedural *status quo* in accordance with this paragraph. In addition, the Parties shall not be bound by this Settlement's definition of the Settlement Class; the Parties shall not be permitted to use it as evidence or otherwise in support of any argument or position in any motion, brief, hearing, appeal, or otherwise; and TD Bank shall retain its right to object to the maintenance of this Action as a class action, the suitability of Plaintiffs to serve as class representatives, and the suitability of Class Counsel to serve as class counsel.

## IV.    Settlement Consideration

48.    Subject to approval by the Court, TD Bank shall, without admission of liability, pay the total amount of Eleven Million Nine Hundred Thousand Dollars ($11,900,000.00). This Cash Settlement Amount includes all monetary disbursements incurred in connection with the Settlement, including but not limited to (a) all monetary payments to the Settlement Class; (b) all Administrative Costs; (c) all attorneys' fees, costs, and expenses awarded by the Court to Class Counsel; and (d) all Service Awards to be paid to Plaintiffs. For avoidance of doubt, TD Bank shall not be required to pay any additional monetary sums in settlement of the Action, nor shall it be required to bear any other fees, costs, charges, or expenses in connection with the Settlement. TD Bank also shall not be required to take any action or refrain from taking any action as a result of this Settlement except to fulfill its obligations to implement the terms of this Agreement as specifically provided herein.

## V.    Administrator

49.    The Administrator shall administer various aspects of the Settlement as described in the next paragraphs and perform other functions specified for the Administrator elsewhere in this Agreement, including, but not limited to, providing Class Notices to Settlement Class Members as described in Section VII; establishing and maintaining the Settlement Website; making distributions from the Settlement Fund Account, including Class Member Awards in the form of checks, as provided herein; and paying the remainder of any Settlement Fund Account to TD Bank in the event of a termination of the Settlement pursuant to Section XVII hereof.

50.    The duties of the Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

a.    Provide notice required by the Class Action Fairness Act ("CAFA");

b.    Implement the Notice Program required by this Agreement;

c.    Establish and maintain an address for receiving mailed requests for exclusion from the Settlement Class;

d.    Establish and maintain the Settlement Website as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and

7

including hyperlinked access to this Agreement, the Long-Form Notice, the Preliminary Approval Order, and such other documents as Class Counsel and TD Bank agree to post or that the Court orders posted on the Settlement Website;

e.    Establish and maintain an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

f.    Respond to any mailed inquiries from Settlement Class Members;

g.    Process all requests for exclusion from the Settlement Class;

h.    Provide reports on request, and a final report to Class Counsel and TD Bank that summarizes the number of requests for exclusion and objections received during that period, the total number of exclusion requests and objections received to date, and other pertinent information;

i.    Payment of any taxes pursuant to Paragraph 89;

j.    At Class Counsel's request in advance of the Final Approval Hearing, prepare an affidavit to submit to the Court that: (i) attests to implementation of the Notice Program in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member that timely and properly provided written notification of exclusion from the Settlement Class;

k.    Process and transmit Class Member Awards by check, and any other distributions to Settlement Class Members, from the Settlement Fund Account;

l.    Pay invoices, expenses, and costs upon approval by Class Counsel and TD Bank, as provided in this Agreement;

m.    Paying the remainder of the Cash Settlement Amount to TD Bank in the event of a termination of the Settlement pursuant to Section XVII hereof; and

n.    Perform any other settlement administration-related function at the instruction of Class Counsel and TD Bank, including, but not limited to, verifying that the Net Cash Settlement Amount has been distributed as required by Section XIV hereof.

51.    All Administrative Costs, including all costs associated with Notice to the Settlement Class and administration of the Settlement, shall be paid out of the Settlement Fund.  The costs of Notice and administration shall include any fees of and reasonable expenses incurred by the Administrator in relation to the Settlement; and any other reasonable expenses relating to the establishment, maintenance, and distribution of the Settlement Fund.

52.    The documents specified in Paragraph 50(d) shall remain on the Settlement Website at least until thirty (30) calendar days after Final Approval.  The URL of the Settlement

Website shall be www.atmfeesettlement.com, if available, or such other available URL as Class Counsel and TD Bank may subsequently agree upon in writing. The Settlement Website shall not include any advertising, and it shall not bear or include the TD Bank logo or any TD Bank trademarks. Ownership of the Settlement Website URL shall be transferred to TD Bank within ten (10) calendar days of the date on which operation of the Settlement Website ceases.

## VI.   Preliminary Approval

53.   Upon execution of this Agreement by counsel for all Parties, Class Counsel shall promptly submit for the Court's consideration a motion seeking Preliminary Approval of the Settlement and shall apply to the Court for entry of a Preliminary Approval Order.

54.   In the event that the Court does not enter the Preliminary Approval Order in substantially the same form as Exhibit D, the Parties shall have the right to terminate this Agreement and the Settlement, per Section XVII below.

55.   In Plaintiffs' motion seeking Preliminary Approval, Plaintiffs shall request that the Court approve the Class Notices attached as Exhibits A, B, and C. The Court will ultimately determine and approve the content and form of the Class Notices to be distributed to Settlement Class Members.

56.   The proposed Preliminary Approval Order that will be attached to the motion shall be in a form agreed upon by Class Counsel and TD Bank. The motion for Preliminary Approval shall request that the Court: (1) find that it is likely to approve the terms of the Settlement under Fed. R. Civ. P. 23(e)(2); (2) find that it will likely be able to conditionally certify the Settlement Class for purposes of settlement; (3) designate Plaintiffs as the representatives of the Settlement Class; (4) appoint Class Counsel; (5) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (6) approve the procedures set forth in Section VII hereof and in the Notice Program for Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement; (7) stay the Action pending Final Approval of the Settlement; and (8) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and counsel for TD Bank, but no earlier than one hundred and twenty (120) calendar days after Preliminary Approval, at which the Court will conduct an inquiry to determine whether the proposed Settlement is fair, reasonable, and adequate after considering the factors listed in Fed. R. Civ. P. 23(e)(2), and whether to approve the Settlement and Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards to Plaintiffs.

In Plaintiffs' motion seeking Preliminary Approval, Plaintiffs also shall request that the Court enter the following schedule governing the Settlement:

a.   Deadline for TD Bank to provide information on Settlement Class Members to Administrator: thirty (30) calendar days after Preliminary Approval

b.    Deadline for Administrator to provide notice required by Class Action Fairness Act ("CAFA"):  ten (10) calendar days after filing of motion for Preliminary Approval

c.    Deadline for establishing Settlement Website:  thirty (30) calendar days after Preliminary Approval

d.    Notice Deadline:  ninety (90) calendar days after Preliminary Approval

e.    Deadline for Administrator to send confirmation to the Parties regarding completion of Notice Program:  ten (10) calendar days after Notice Deadline

f.    Deadline for filing motions for Fee & Expense Award and Service Awards:  thirty (30) calendar days after Notice Deadline

g.    Opt-Out Deadline and Objection Deadline:  sixty (60) calendar days after Notice Deadline

h.    Deadline for Administrator to provide final opt out report to Class Counsel and TD Bank that summarizes the number of requests for exclusion and objections received:  seven (7) calendar days after the Opt-Out and Objection Deadlines

i.    Deadline for TD Bank to exercise right to terminate Settlement if the number of Settlement Class Opt-Outs exceeds 2% of the number of all Settlement Class Members:  fourteen (14) calendar days after TD Bank's receipt of opt out report

j.    Deadline for Administrator to provide declaration regarding number of Settlement Class Opt-Outs to the Court:  seven (7) calendar days prior to Final Approval Hearing

k.    Deadline for Class Counsel to file motion for Final Approval:  seven (7) calendar days prior to Final Approval Hearing

l.    Final Approval Hearing:  no earlier than one hundred and twenty (120) calendar days after Preliminary Approval

**VII.**    **Notice to Settlement Class Members**

57.    Subject to its statutory and regulatory obligations to protect its customers' private financial information, as well as a separate Confidentiality Agreement in a form acceptable to TD Bank which protects the confidentiality of Settlement Class Members' personal identifying information, which the Administrator shall be required to sign, within thirty (30) calendar days of Preliminary Approval, TD Bank will provide to the Administrator a list ("Class List") that identifies, for each Settlement Class Member, subject to the availability of information in reasonably accessible electronic form:

a.    Name;

    b.     Last known email address (if available);

    c.     Last known mailing address; and

    d.     The amount that the Settlement Class Member incurred in OON ATM Balance Inquiry Fees.

58. Within ninety (90) calendar days of Preliminary Approval, or by the time specified by the Court, the Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order. The Notice shall include, among other information: a description of the material terms of the Settlement; a date by which Settlement Class Members may exclude themselves from (i.e., opt out of) the Settlement Class; a date by which Settlement Class Members may object to the Settlement; the date, time, and location of the Final Approval Hearing; and the address of the Settlement Website at which Settlement Class Members may access this Agreement, the Long-Form Notice, and other related documents and information. Class Counsel and TD Bank's counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Notices provided under or as part of the Notice Program shall not bear or include TD Bank's logos or trademarks or the return address of TD Bank, or otherwise be styled to appear to originate from TD Bank.

59. The Notice Program shall include the following components: (1) Email Notice and/or Mail Notice; (2) Long-Form Notice posted on the Settlement Website; and (3) any other components necessary to satisfy the requirements of due process and Fed. R. Civ. P. 23.

60. The Email and Mail Notice will direct Settlement Class Members to the Long-Form Notice, which will be posted on the Settlement Website. The Email Notice will include a hyperlink to the Long-Form Notice.

61. The Administrator shall ensure that the information that it receives from TD Bank, Class Counsel, and/or Settlement Class Members is secured and managed in such a way as to protect the security and confidentiality of the information, consistent with the privacy policies of TD Bank and applicable law. The Administrator shall use this information solely for the purpose of administering the Settlement. Except as specifically provided in this Agreement, the Administrator shall not disclose or disseminate any information that it receives from TD Bank, Class Counsel, and/or Settlement Class Members without prior written consent of the Parties or by order of the Court.

62. The primary method of notice for Settlement Class Members is individual Email Notice to the last known email address shown on TD Bank's records, if any. The secondary method of notice is individual Mail Notice to the last known mailing address shown on TD Bank's records, or at a more current address, if that information can reasonably be obtained by the Administrator.

63. Within ninety (90) calendar days of Preliminary Approval, the Administrator shall (1) send Email Notice to Settlement Class Members for whom the Administrator was provided an email address; and (2) mail the Mail Notice to Settlement Class Members for

whom there are no email addresses on file.  If an email is returned as undeliverable, the Administrator shall mail the Mail Notice to the Settlement Class Member for whom the email was returned as undeliverable.  The Administrator shall run the mailing addresses through the National Change of Address Database before mailing.  If the mailed postcard is returned as undeliverable, the Administrator shall use reasonable efforts to locate a current mailing address for the Settlement Class Member and re-mail the notice to the current mailing address.

64.    The Notice Program (which is composed of Email Notice, Mail Notice, and the posting of the Long-Form Notice on the Settlement Website, all as described herein) shall be completed no later than ninety (90) calendar days after Preliminary Approval.  Within ten (10) calendar days after the date the Administrator completes the Notice Program, the Administrator shall provide Class Counsel and TD Bank an affidavit that confirms that the Notice Program was completed in a timely manner.  Class Counsel shall file that affidavit with the Court as an exhibit to or in conjunction with Plaintiffs' Motion for Final Approval of the Settlement.

65.    As soon as practicable following Preliminary Approval, but no later than thirty (30) calendar days after Preliminary Approval, and prior to the sending of Notice, the Administrator shall establish the Settlement Website and a toll-free telephone line for Settlement Class Members to call with questions.  The Internet address (URL) of the Settlement Website and the toll-free number shall be included in all forms of Notice sent to Settlement Class Members.

66.    The Settlement Website shall include this Agreement, the Long-Form Notice, the Preliminary Approval Order, and such other documents as Class Counsel and TD Bank agree to post or that the Court orders posted on the website.  The telephone line shall be capable of providing general information concerning the Settlement, including deadlines for objecting to or opting out of the Settlement, and the dates of relevant Court proceedings, including the Final Approval Hearing.  The Settlement Website and toll-free number shall be maintained at least through the Effective Date.  The Settlement Website shall not include any advertising, and shall not bear or include TD Bank's logos or trademarks.  Operation of the Settlement Website shall cease no later than sixty (60) calendar days after distribution of the Net Cash Settlement Amount to Settlement Class Members has been completed as set forth in Section XIV, or such other date as Class Counsel and TD Bank shall agree.  The Administrator shall cause to be maintained a record of activities, including inquiries to the Settlement Website, downloads, phone calls, and/or mailings, and shall ensure that a running tally is kept of the number and types of materials mailed by it or downloaded from the Settlement Website in a computerized database form.

67.    Within the parameters set forth in this Section VII, further specific details of the Notice Program shall be subject to the agreement of Class Counsel and TD Bank.

VIII.   **Exclusions and Opt-Outs**

68.     Class Notices shall include a procedure for Settlement Class Members to opt out of the Settlement. A Settlement Class Member may opt out of the Settlement at any time before the Opt-Out Deadline. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of this Agreement, including but not limited to the Releases contained in this Agreement.

69.     For an opt-out to be considered by the Court, the opt-out must be submitted no later than the Opt-Out Deadline, as specified in the Class Notice. If submitted by mail, an opt-out shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an opt-out shall be deemed to have been submitted on the shipping date reflected on the shipping label.

70.     For an opt-out to be considered by the Court, the opt-out must set forth:

    a.     The name of the Action;

    b.     The person's or entity's full name, address, e-mail address, telephone number, and last four digits of the person or entity's TD Bank account number;

    c.     A specific statement of the person's or entity's intention to be excluded from the Settlement, and that the individual understands that he or she will receive no money from the Settlement;

    d.     The identity of the person's or entity's counsel, if represented; and

    e.     The person's or entity's authorized representative's signature and the date on which the request was signed.

71.     Within seven (7) calendar days of receiving any opt-out statement, the Administrator shall provide counsel for the Parties with a copy of the opt-out statement.

72.     Settlement Class Opt-Outs are not entitled to receive a payment from the Settlement Fund Account under this Settlement.

73.     Class Counsel and TD Bank's counsel shall have the right to contact persons and entities who submit written notifications of exclusion from the Settlement Class.

74.     Neither the Parties nor any person acting on their behalf shall seek to solicit or otherwise encourage anyone to opt out of the Settlement.

IX.   **Objections**

75.     The Class Notice shall include a procedure for Participating Settlement Class Members to object to the Settlement, Class Counsel's application for attorneys' fees, costs, and expenses, and/or Service Awards to Plaintiffs. Objections to the Settlement or to the

application for fees, costs, expenses, and/or to the Service Awards must be submitted to the Clerk of the Court, Class Counsel, and TD Bank's counsel.

76.   For an objection to be considered by the Court, the Participating Settlement Class Member must not have opted out of the Settlement and the objection must be electronically filed or mailed first-class postage prepaid and addressed in accordance with the instructions and the postmark date indicated on the envelope must be no later than the Objection Deadline, as specified in the Notice.

77.   For an objection to be considered by the Court, the objection must set forth:

   a.   The name of the Action;

   b.   The objector's full name, address, e-mail address, and telephone number;

   c.   An explanation of the basis upon which the objector claims to be a Settlement Class Member;

   d.   A statement whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

   e.   A statement with specificity of all grounds for the objection, accompanied by any legal support for the objection known to the objector or the objector's counsel;

   f.   The number of times in which the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

   g.   The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

   h.   The number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

   i.   The identity of all counsel representing the objector who will appear at the Final Approval Hearing;

   j.   A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

14

k.   A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

l.   The objector's signature (an attorney's signature is not sufficient).  Any objection submitted on behalf of a business entity must identify the title of the authorized individual signing the objection.

78.   All evidence and legal support a Participating Settlement Class Member wishes to use to support an objection must be filed with the Court on or before the Objection Deadline and sent to the Parties postmarked on or before the Objection Deadline.  The Parties may file responses to any objections that are submitted and shall have the right to take discovery, including via subpoenas *duces tecum* and depositions, from any objector.

79.   Any Participating Settlement Class Member who timely files and serves an objection in accordance with this section may appear at the Final Approval Hearing, either in person or through an attorney, if the Participating Settlement Class Member files a notice with the Court by the Objection Deadline indicating that he or she wishes to appear at the Final Approval Hearing.  A Participating Settlement Class Member who wishes to appear at the Final Approval Hearing must also send to the Administrator, by the Objection Deadline, a copy of the notice indicating that he or she wishes to appear.  Failure to adhere to the requirements of this section will bar a Participating Settlement Class Member from being heard at the Final Approval Hearing, either individually or through an attorney, unless the Court otherwise orders.

80.   Neither the Parties nor any person acting on their behalf shall seek to solicit or otherwise encourage anyone to object to the Settlement, or appeal from any order of the Court that is consistent with the terms of this Settlement.

## X.   **Final Approval and Judgment**

81.   Plaintiffs' Motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur.

82.   Plaintiffs shall file their Motion for Final Approval of the Settlement no later than seven (7) calendar days before the Final Approval Hearing or by such other deadline as the Court may order.

83.   At the Final Approval Hearing, the Court may hear argument on and determine whether to enter a Final Approval Order granting Plaintiffs' Motion for Final Approval of the Settlement and Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards for Plaintiffs.  In the Court's discretion, the Court also may hear from any Settlement Class Members (or their counsel) who object to the Settlement or to the fee, cost, expense, or Service Award application, provided the objectors filed timely objections that meet all of the requirements listed above.

84.   The proposed Final Approval Order that will be attached to Plaintiffs' Motion for Final Approval shall be in a form agreed upon by Class Counsel and TD Bank.  Such proposed Final Approval Order shall, among other things:

a.    Determine that the Settlement is fair, reasonable, and adequate, and grant Final Approval of the Settlement in accordance with Fed. R. Civ. P. 23(e)(2);

b.    Finally certify the Settlement Class for settlement purposes only;

c.    Determine that the Class Notice satisfied due process requirements;

d.    Dismiss the Action with prejudice and without costs;

e.    Bar and enjoin Plaintiffs and all Participating Settlement Class Members from asserting any of the Released Claims, as set forth in Section XVI hereof, including during any appeal from the Final Approval Order;

f.    Release TD Bank and the Released Parties from the Released Claims, as set forth in Section XVI hereof; and

g.    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including TD Bank, Plaintiffs, all Participating Settlement Class Members, and any objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

85.    In the event that the Court does not enter the Final Approval Order in a form substantially the same as submitted, as determined by the Parties, the Parties have the right to terminate this Agreement and the Settlement, per Section XVII below.  While materiality remains subject to the Parties' determination in their reasonable discretion, material changes shall not include any changes to the legal reasoning or format used by the Court to justify the substantive relief sought by the Final Approval Order.  In the event that the Effective Date does not occur, the Final Approval Order is vacated or reversed, or the Settlement does not become final and binding, the Parties agree to request that the Court vacate any dismissal with prejudice.

## XI.   Settlement Fund Account

86.    Within seven (7) calendar days of the filing of Plaintiffs' Motion for Preliminary Approval, or as soon as reasonably possible thereafter, the Administrator shall provide the Parties an estimate of the costs to implement the Notice Program, establish the Settlement Website, establish toll-free telephone and cellphone numbers, and any other up-front expenses. Within fourteen (14) calendar days of receiving the estimate from the Settlement Administrator, TD Bank shall transfer such amount to the Administrator for deposit into the Settlement Fund Account.

87.    In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the Releases as set forth in Section XVI hereof and the dismissal of the Action with prejudice upon Final Approval, within sixty (60) calendar days of the Preliminary Approval Order, TD Bank shall transfer to the Administrator the remainder of the Cash Settlement Amount (*i.e.*, the Cash Settlement Amount less the amount of any settlement administration costs that TD Bank has already transferred to the Administrator or deposited in the Settlement Fund Account) for deposit into the Settlement Fund Account.

88.     The monies in the Settlement Fund Account at all times shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund Account or otherwise, including any taxes or tax detriments that may be imposed upon Class Counsel, TD Bank, or TD Bank's counsel with respect to income earned by the Settlement Fund Account for any period during which the Settlement Fund Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Fund Account. Plaintiffs and Class Counsel, and TD Bank and its counsel, shall have no liability or responsibility for any Taxes.  The Settlement Fund Account shall indemnify and hold Plaintiffs and Class Counsel, and TD Bank and its counsel, harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

89.     The Settlement Fund Account shall be used for the following purposes:

a.      Distribution of Class Member Awards, (i) to be provided by check to Participating Settlement Class Members without active TD accounts, which will be handled by the Administrator; and (ii) to be provided by credit or direct deposit to Participating Settlement Class Members with active TD accounts, which will be handled by TD Bank after the Administrator returns the necessary funds from the Settlement Fund Account for TD Bank to make such direct deposits;

b.      Payment of the Court-ordered award of Class Counsel's attorneys' fees and costs pursuant to Section XII hereof;

c.      Payment of the Court-ordered Service Awards to Plaintiffs pursuant to Section XII hereof;

d.      Payment of any residual *cy pres* distribution as set forth in Section XV hereof, together with any Administrative Costs associated therewith;

e.      Payment of all Taxes, subject to approval by Class Counsel and TD Bank;

f.      Payment of any Administrative Costs, including but not limited to costs related to the Notice Program, costs related to sending any notice required by the Class Action Fairness Act, and administration of the Settlement; and

g.      Payment of additional fees, costs, and expenses not specifically enumerated in subparagraphs (a) through (f) of this paragraph, subject to approval of Class Counsel and TD Bank.

## XII.    Service Awards and Fee & Expense Award

90.     Plaintiffs, through their undersigned counsel, shall each be entitled to apply to the Court for an award from the Cash Settlement Amount of up to $7,500.00 each for their participation in the Action and their service to the Settlement Class (the "Service

Awards"). TD Bank shall not oppose such application that does not exceed $7,500.00 per Plaintiff.

91. Any Service Award approved by the Court in an amount less than the amount sought by a Plaintiff is not a basis for setting aside this Agreement, and the decision by the Court concerning the Service Awards shall not affect the validity of the Agreement or finality of the Settlement.

92. The Parties consent to the Court appointing Class Counsel in this Action for purposes of the Settlement. Class Counsel shall be entitled to apply to the Court for an award for attorneys' fees incurred in investigating and litigating this Action, as well as for costs and expenses incurred in the Action, in a total amount not to exceed one third of the Cash Settlement Amount (the "Fee & Expense Award"). TD Bank agrees not to oppose or appeal any such applications that do not collectively exceed one third of the Cash Settlement Amount. The Fee & Expense Award shall constitute full satisfaction of any obligation on TD Bank's part to pay any person, attorney, or law firm for costs, litigation expenses, attorneys' fees, or any other expense incurred on behalf of Plaintiffs or the Settlement Class.

93. A Fee & Expense Award approved by the Court in an amount less than the amount sought by Class Counsel is not a basis for setting aside this Agreement, and the decision by the Court concerning the Fee & Expense Award shall not affect the validity of the Agreement or finality of the Settlement.

94. Any Service Awards and any Fee & Expense Award shall be paid from the Settlement Fund Account, out of the Cash Settlement Amount, within twenty-one (21) calendar days of the Effective Date.

## XIII.  Calculation of Class Member Awards

95. Each Participating Settlement Class Member shall be eligible to receive a Class Member Award from the Net Cash Settlement Amount.

96. Class Member Awards shall be calculated by the Administrator in the following manner:

   a. First, each Participating Settlement Class Member shall be entitled to a minimum Class Member Award of $2.00. The Net Cash Settlement Amount reduced by the amount of money needed to satisfy a $2 payment to each Participating Settlement Class Member shall be referred to herein as the Post-Minimum-Award Net Cash Settlement Amount.

   b. Second, those Participating Settlement Class Members who incurred more than one OON ATM Balance Inquiry Fee during the Class Period shall be entitled to an additional amount. That additional amount shall be calculated using a proportional payment structure, whereby each Participating Settlement Class Member shall receive a share of the Post-Minimum-Award Net Cash Settlement Amount corresponding to the individual Participating Settlement Class Member's share of the total OON ATM Balance Inquiry Fees that the Participating

18

Settlement Class Members incurred during the Class Period beyond their first OON ATM Balance Inquiry Fee.

    c.    For clarity, each OON ATM Balance Inquiry Fee incurred by a Participating Settlement Class Member during the Class Period beyond their first such fee shall be referred to as an Additional OON ATM Balance Inquiry Fee, and all such fees shall collectively be referred to as the Additional OON ATM Balance Inquiry Fees.

    d.    The percentage used to calculate the additional amount for Class Member Awards shall be determined by dividing the Post-Minimum-Award Net Cash Settlement Amount by the total amount of Additional OON ATM Balance Inquiry Fees that TD Bank assessed during the Class Period on accounts held by Participating Settlement Class Members.

    e.    That percentage shall then be multiplied by the total amount of Additional OON ATM Balance Inquiry Fees each Participating Settlement Class Member incurred and rounded to the nearest penny, to determine each Participating Settlement Class Member's Class Member Award.

97.    In the event the aggregate amount of Class Member Awards dictated by the proportional payment structure described in Paragraph 96 exceeds the Net Cash Settlement Amount, the cash award for each transaction shall be reduced *pro rata* until the aggregate amount of Class Member Awards no longer exceeds the Net Cash Settlement Amount.

## XIV.   Distribution of Class Member Awards from Net Cash Settlement Amount

98.    Within ten (10) calendar days of Final Approval, the Administrator shall provide to TD Bank: (1) a list of the Participating Settlement Class Members who are entitled to receive Class Member Awards; and (2) the amount of each Class Member Award due to each individual or entity entitled to receive Class Member Awards.  The information provided by the Administrator shall be considered conclusive as to which individuals and entities are entitled to receive a Class Member Award and as to the amount of the Class Member Award to which each Participating Settlement Class Member is entitled.

99.    Within fifteen (15) calendar days of receiving the communication in Paragraph 98 from the Administrator, TD Bank shall provide the Administrator a list of Participating Settlement Class Members with active deposit accounts ("Active Accountholder List").

100.    Within fifteen (15) days of receiving the Active Accountholder List, the Administrator shall transfer to TD Bank funds equal to the total amount of Class Member Awards due to Participating Settlement Class Members on the Active Accountholder List.

101.    Within sixty (60) calendar days of the Effective Date, the Administrator shall send Class Member Awards from the Settlement Fund Account via check to those Participating Settlement Class Members entitled to Class Member Awards who are not on the Active Account Holder List.  If the Participating Settlement Class Members who are entitled to

Class Member Awards are joint accountholders, the Class Member Award check shall be made payable to both accountholders.

102. Prior to mailing Class Member Award checks, the Administrator shall attempt to update the last known addresses of the Participating Settlement Class Members through the National Change of Address Database or similar databases. Checks shall be valid for ninety (90) calendar days after issuance. The Administrator shall not mail Class Member Award checks to addresses from which Class Notices were returned as undeliverable.

103. Within ninety (90) calendar days of the Effective Date, TD Bank shall distribute Class Member Awards by applying a credit (and/or making a direct deposit, as TD reasonably determines in its discretion) to the deposit accounts of Participating Settlement Class Members on the Active Accountholder List. TD Bank may make such distributions in stages. If TD Bank is unable to complete credits (or direct deposits) to certain Participating Settlement Class Members (*e.g.*, because an account has closed in the interim), then TD Bank shall notify the Administrator of those Participating Settlement Class Members. The Administrator, upon ensuring that it has received sufficient money from the Cash Settlement Amount to pay the Class Member Awards to such Participating Settlement Class Members, shall then send checks to pay such awards.

104. All interest on the funds in the Settlement Fund Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Administrator. The Administrator is responsible for the payment of all taxes on interest on the funds in the Settlement Fund Account.

105. If a Participating Settlement Class Member's check is not deposited (or cashed) within ninety (90) calendar days after the check is mailed, (1) the check shall be null and void, (2) the Class Member shall be barred from receiving a further Class Member Award under this Settlement, and (3) the amount of the Class Member's award shall revert to the Settlement Fund Account and be distributed as described in Section XV.

106. Any Class Member Award paid to a deceased Participating Settlement Class Member shall be made payable to the estate of the deceased Participating Settlement Class Member, provided that the Participating Settlement Class Member's estate informs the Administrator of the Class Member's death at least thirty (30) calendar days before the date that Class Member Award checks are mailed and provides a death certificate confirming that the Class Member is deceased. If the Participating Settlement Class Member's estate does not inform the Administrator of the Class Member's death at least thirty (30) calendar days before Class Member Award checks are mailed, then the deceased Participating Settlement Class Member will be barred from receiving a Class Member Award under this Settlement.

107. The Parties shall have no responsibility or liability for any federal, state, or other taxes owed by Participating Settlement Class Members as a result of, or that arise from, any Class Member Awards or any other term or condition of this Agreement.

108.   The Administrator shall prepare, send, file, and furnish all tax information reporting forms required for payments made from the Settlement Fund Account as required by the Internal Revenue Service pursuant to the Internal Revenue Code and related Treasury Regulations.  The Parties agree to cooperate with the Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this section.

109.   The Administrator shall provide the Parties with a reconciliation and accounting of the Settlement Fund Account at each of the following times: (1) no later than ten (10) calendar days after the Class Member Award checks are mailed, and (2) no later than ten (10) calendar days after the expiration of the 90-day period for depositing Class Member Award checks.

## XV.   Disposition of Residual Funds

110.   In the event that there are any residual funds in the Settlement Fund Account after the Class Member Award distributions required by this Agreement are completed, said residual funds shall in no circumstance revert to TD Bank.  Subject to the feasibility of a such a distribution, including in terms of the effort and costs required, and subject to the approval of the Court, the residual funds may be distributed to Participating Settlement Class Members who (a) deposited (or cashed) their own original check, or (b) continue to have an active TD Bank deposit account, through a secondary pro-rata distribution of the residual less the cost of the secondary distribution. If not feasible in the judgment of counsel for the Parties, the residual amount may be distributed instead to a residual *cy pres* program chosen by and mutually agreed to by Class Counsel and TD Bank and approved by the Court.  Any *cy pres* distribution shall be paid as soon as reasonably possible following the completion of all distributions of funds to the Settlement Class Members.  The residual funds shall be disposed of within one hundred and eighty (180) calendar days of the mailing of the final Class Member Award from the Settlement Fund Account.

## XVI.   Releases

111.   Upon the Effective Date, Plaintiffs and Participating Settlement Class Members, each on behalf of himself or herself and on behalf of his or her respective past, present and future heirs, executors, administrators, assigns, beneficiaries, directors, officers, managers, employees, general partners, limited partners, principles, employees, insurers, reinsurers, attorneys, advisors, representatives, predecessors, successors, assigns, and legal representatives, shall automatically be deemed to have fully and irrevocably released and forever discharged TD Bank and each of its present, former, and future parents, subsidiaries, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, insurers, shareholders, joint ventures, co-venturers, officers, and directors (whether acting in such capacity or individually), attorneys, advisors, consultants, independent contractors, wholesalers, resellers, distributors, retailers, vendors, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, managers, administrators, and each person or entity acting or purporting to act for them or on their

behalf, including, but not limited to all of their subsidiaries and affiliates (collectively, "Releasees") with respect to any claims, issues, liabilities, rights, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, or remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that relate to, result from, are based upon, or arise out of any of the claims that were asserted in the Action, and any allegations, acts, transactions, facts, events, matters, occurrences, representations, statements, or omissions that were or could have been asserted in the Action, and whether assertable in the form of a cause of action or as a private motion, petition for relief or claim for contempt, or otherwise, and in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, and whether based on any federal, state (including, without limitation, breach of contract, breach of the implied covenant of good faith and fair dealing, the New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.*, and the New York General Business Law § 349, *et seq.*), local, statutory or common law or any other law, rule, regulation, ordinance, code, contract, common law, or any other source, including the law of any jurisdiction outside the United States (including both direct and derivative claims), including any and all claims for damages, injunctive relief, interest, attorney fees, and litigation expenses ("Released Claims").

Subject to and in accordance with this Agreement, even if the Plaintiffs and/or Participating Settlement Class Members may discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, Plaintiffs and each Participating Settlement Class Member, upon entry of Final Approval of the Settlement, shall be deemed to have and by operation of the Final Approval Order, shall have, fully, finally, and forever settled and released all of the Released Claims. This is true whether such claims are known or unknown, suspected or unsuspected, contingent or non-contingent, concealed or hidden, which now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

112.  With respect to the Released Claims, Releasing Parties shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state, or local law to the extent any such provision is applicable), which reads:

**§ 1542. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

22

113. Plaintiffs and Participating Settlement Class Members covenant not to sue or otherwise assert any claims against TD Bank challenging practices with respect to assessing OON ATM Balance Inquiry Fees during the Class Period.

## XVII.  Termination of Settlement

114. This Settlement may be terminated by either Class Counsel or TD Bank by serving on counsel for the opposing Party and filing with the Court a written notice of termination within forty-five (45) calendar days (or such longer time as may be agreed between Class Counsel and TD Bank) after any of the following occurrences:

    a.    Class Counsel and TD Bank agree to termination;

    b.    The Court rejects, materially modifies, materially amends or changes, or declines to approve the Settlement;

    c.    An appellate court reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within one hundred and eighty (180) calendar days of such reversal;

    d.    Any court incorporates terms or provisions into, or deletes or strikes terms or provisions from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order, or the Settlement in a way that Class Counsel or TD Bank reasonably considers material;

    e.    The Effective Date does not occur; or

    f.    Any other ground for termination provided for elsewhere in this Agreement.

115. TD Bank also shall have the right, in its sole discretion, to terminate the Settlement if the number of Settlement Class Opt-Outs exceeds 2% of the number of all Settlement Class Members (the "Termination Option"). TD Bank shall give written notice to Class Counsel of any decision to exercise the Termination Option within fourteen (14) calendar days of TD Bank's receipt of the last timely opt-out statement received pursuant to Section VIII. In the event TD Bank exercises the Termination Option, this Settlement shall become null and void and shall have no further force or effect, all funds being held in the Settlement Fund Account shall revert to TD Bank, the Action shall continue, any Preliminary Approval Order shall be automatically vacated, and the Parties shall confer with the Court as to whether and how any notice of the termination should be sent to the Settlement Class, with TD Bank bearing the cost of such notice.  Further, the provisions of Paragraph 117 shall govern the Parties' respective post-termination rights and obligations.

116. No Party may terminate the Settlement because of (1) any intervening change in law impacting the claims alleged in the Action, or (2) the amount of attorneys' fees awarded to Class Counsel or of any Service Awards awarded to Plaintiffs.

117.   In the event of a termination, this Agreement shall be considered null and void; all of TD Bank's obligations under the Agreement shall cease to be of any force and effect; the amounts in the Settlement Fund Account shall be returned to TD Bank; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and TD Bank's right to oppose class certification. Further, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose, without prejudice to Plaintiffs' right to seek class certification, and TD Bank's right to oppose class certification. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

118.   In the event of a termination, and after payment of any invoices or other fees or expenses mentioned in this Agreement that have been incurred and are due to be paid from the Settlement Fund Account, the Administrator shall return the balance of the Settlement Fund Account to TD Bank within seven (7) calendar days of termination.

## XVIII. No Admission of Liability

119.   TD Bank disputes the claims alleged in the Action and does not by this Agreement or otherwise admit any liability or wrongdoing of any kind.  TD Bank has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

120.   Class Counsel and Plaintiffs believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, the likelihood of certification of a class for litigation purposes, and the likelihood of success on the merits of the Action.  Class Counsel and Plaintiffs have concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

121.   The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

122.   Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (1) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (2) is or may

be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

123.    In addition to any other defenses TD Bank may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XIX.    Miscellaneous Provisions

124.    Gender and Plurals. As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

125.    Deadlines. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, then the applicable date or deadline shall be moved to the next business day.

126.    Binding Effect. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

127.    Cooperation of Parties. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, to defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

128.    Obligation to Meet and Confer. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have so consulted.

129.    Integration. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made, or relied upon, by any Party hereto, except as provided for herein.

130.    No Conflict Intended. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

131.    Governing Law. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Delaware, without regard to the principles thereof regarding choice of law.

132.    Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

133.   <u>Jurisdiction</u>.  The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Administrator.  As part of its agreement to render services in connection with this Settlement, the Administrator shall consent to the jurisdiction of the Court for this purpose.

134.   <u>CAFA</u>.  The Administrator shall timely send the notices required by 28 U.S.C. § 1715 no more than ten (10) calendar days after Plaintiffs file the motion seeking a Preliminary Approval Order.

135.   <u>Notices</u>.  All notices to Class Counsel provided for herein shall be sent by email with a hard copy sent by overnight mail to:

> Jeffrey D. Kaliel
> Sophia Gold
> KALIELGOLD PLLC
> 1100 15th St.., NW, 4h Floor
> Washington, D.C. 20005
> jkaliel@kalielpllc.com

All notices to TD Bank provided for herein shall be sent by email with a hard copy sent by overnight mail to:

> Noah A. Levine
> WILMER CUTLER PICKERING HALE AND DORR LLP
> 7 World Trade Center
> 250 Greenwich Street
> New York, NY 10007
> (t) 212-230-8800
> (f) 212-230-8888
> noah.levine@wilmerhale.com

All notices to the Administrator required or desired to be given under this Agreement shall be in writing and sent by first-class mail as follows:

> *Galgano v. TD Bank* Claims Administrator
> Epiq Systems
> P.O. Box 6877
> Portland OR 97228-6877

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other

26

with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

136. <u>Modification and Amendment</u>. This Agreement may be amended or modified only by a written instrument signed by counsel for TD Bank and Class Counsel and, if the Settlement has been approved by the Court, such amendment or modification is approved by the Court.

137. <u>No Waiver</u>. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

138. <u>Authority</u>. Class Counsel, Plaintiffs, counsel for TD Bank, and TD Bank represent and warrant that the persons signing this Agreement have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiffs and TD Bank to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

139. <u>Agreement Mutually Prepared</u>. Neither TD Bank nor Plaintiffs shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

140. <u>Independent Investigation and Decision to Settle</u>. The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now, and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.

141. <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained in Section XVI hereof, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

DocuSign Envelope ID: DC2987AE-D636-4E63-85CF-51D0C647B716

Dated: _____10/22/2022_____

Denise Galgano D/B/A Shear Envy Hair
Studio, Plaintiff

Dated: _____

Tashina Drakeford, Plaintiff

Dated: _____

Jeffrey Kaliel, Esq.
KALIELGOLD PLLC
Class Counsel

Dated: _____10/22/2022_____

Taras Kick, Esq.
The Kick Law Firm, APC
Class Counsel

Dated: _____

John E. Keefe Jr., Esq.
Class Counsel

Dated: _____

TD Bank, N.A.

By: _____
_____

Dated: _____

Noah A. Levine, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
Counsel for TD Bank, N.A.

Dated: _____

Susan M. Leming, Esq.

28

DocuSign Envelope ID: 3B0D85A9-275F-4F43-848E-0E5EE2DEA1D8

Dated: _____

Denise Galgano D/B/A Shear Envy Hair Studio, Plaintiff

Dated: _____10/22/2022_____

Tashina Drakeford, Plaintiff

Dated: _____

Jeffrey Kaliel, Esq.
KALIELGOLD PLLC
Class Counsel

Dated: _____

Taras Kick, Esq.
The Kick Law Firm, APC
Class Counsel

Dated: _10/24/2022_

John E. Keefe Jr., Esq.
Class Counsel

Dated: _____

TD Bank, N.A.

By: _____

Dated: _____

Noah A. Levine, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
Counsel for TD Bank, N.A.

Dated: _____

Susan M. Leming, Esq.

28

Dated: _____ _____

_____
Denise Galgano D/B/A Shear Envy Hair
Studio, Plaintiff

Dated: _____

_____
Tashina Drakeford, Plaintiff

Dated: _____

_____
Jeffrey Kaliel, Esq.
KALIELGOLD PLLC
Class Counsel

Dated: _____

_____
Taras Kick, Esq.
The Kick Law Firm, APC
Class Counsel

Dated: _____

_____
John E. Keefe Jr., Esq.
Class Counsel

Dated: __10/21/22__

_____
TD Bank, N.A.

By: _EVP, Consumer Products_
    _TD Bank_

Dated: __10/24/22__

_____
Noah A. Levine, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
Counsel for TD Bank, N.A.

Dated: __10/24/22__

_____
Susan M. Leming, Esq.

28

# Exhibit A

**ATM Balance Inquiry-Fee Settlement Program**

**Subject: Notice of Class Action Settlement – TD Bank ATM Balance Inquiry Fees**

**Email Text:**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**NOTICE REGARDING CLASS ACTION SETTLEMENT**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

A Settlement has been reached in a class action lawsuit claiming that TD Bank, N.A. ("TD Bank") breached its contract with accountholders and improperly assessed and collected fees when accountholders used a non-TD Bank ATM to check an account balance.  TD Bank maintains it did nothing wrong; however, it has agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation.  The Court has not decided which side is right.  You can read the [Settlement Agreement] and other important documents on the Settlement Website at www.[Website].com.

Who's Included?

TD Bank's records show you are a member of the Settlement Class.  The Settlement Class means all current and former TD Bank accountholders who were charged a non-TD Bank ATM fee for conducting a balance inquiry in the same session as a withdrawal or transfer at a non-TD Bank ATM during the Class Period. The Class Period means:

    (a)    For Settlement Class Members whose accounts were opened in Connecticut, Massachusetts, Maine, New Jersey New York, Rhode Island, and Vermont: the period from May 7, 2014 to December 31, 2019;

    (b)    For Settlement Class Members whose accounts were opened in Virginia: the period from May 7, 2015 to December 31, 2019;

    (c)    For Settlement Class Members whose accounts were opened in Pennsylvania: the period from May 7, 2016 to December 31, 2019;

    (d)    For Settlement Class Members whose accounts were opened in the District of Columbia, Delaware, Maryland, North Carolina, New Hampshire, and South Carolina: the period from May 7, 2017 to December 31, 2019.

Excluded from the Settlement Class are (1) TD Bank, its parents, subsidiaries, affiliates, officers and directors; (2) all Settlement Class members who exclude themselves from the Settlement; and (3) all judges assigned to this litigation and their immediate family members.

**What is an Out of Network ATM Balance Inquiry Fee?** An Out of Network ATM Balance Inquiry Fee or "OON Balance Inquiry Fee" means the fee TD Bank charged accountholders when using a non-TD Bank ATM to check an account balance in the same session that

accountholders made a withdrawal or transfer.  This Settlement does <u>not</u> relate to fees charged for transactions at a TD Bank ATM.

### What are the Settlement Terms?

A cash Settlement Fund of $11.9 million dollars has been established to pay (1) Settlement Class Member Payments; (2) attorneys' fees, costs, and expenses (of up to one-third of the Settlement Fund); (3) Class Representative Service Awards; and (4) Administrative Costs.  Current and former TD Bank customers who incurred an OON Balance Inquiry Fee are eligible for a Settlement Class Member Payment (in the form of a check or a credit to an active TD Bank deposit account) from the Settlement Fund.  The minimum award will be $2, with a possible additional amount for each Participating Settlement Class Member who incurred more than one OON Balance Inquiry Fee.  The additional amount will depend on the amount of additional OON Balance Inquiry Fees each Settlement Class Member incurred.  You do not have to do anything to receive your benefit.  To confirm your mailing address for delivery of any check and for information about how the awards will be calculated, please visit www.[Website].com.

Once the Court approves the Settlement, payment will be made by check or a credit / direct deposit.  Current TD accountholders will receive a credit to (or deposit in) their accounts. Class members without an active TD deposit account will receive checks mailed to and made payable to the name and address on record with TD Bank and/or the address returned by the United States Postal Service's National Change of Address database.

### Your Other Options.

If you do not want to be bound by the Settlement, you must exclude yourself by [DATE].  If you exclude yourself, you cannot get money or a credit from this Settlement.  Alternatively, if you do not exclude yourself, you may object to the Settlement by [DATE].  If you do not exclude yourself, you will release your claims against TD Bank.  The [Long Form Notice] available upon request and at the [Settlement Website] listed below explains how to exclude yourself or object. The Court will hold a hearing at [TIME] ET on [DATE], at the United States District Court for the District of New Jersey, located at Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, to consider whether to approve the Settlement, a request by Class Counsel for attorneys' fees and expenses of up to one-third of the Settlement Fund, and a request by the Class Representatives for Service Awards of up to $7,500 each.  You may appear at the hearing, but you do not have to.  You may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

This email provides limited information about the Settlement.  For more information:

**www.[Website].com**
**[PHONE NUMBER]**

# Exhibit B

## POSTCARD NOTICE

Galgano v. TD Bank, N.A.
Settlement Administrator
c/o [Settlement Administrator TK]
[Address TK]

### **Important Notice About**
### **Class Action Settlement**

POSTAGE

You are receiving this Notice because you may be entitled to benefits from a proposed class action settlement. This Notice explains what the class action is about, what the settlement will be, and how your rights may be affected. More information about the settlement and the settlement agreement are available at www.[website].com.

[Settlement Class Member Address Block]

*A federal court authorized this Notice.*
*This is not a solicitation from a lawyer.*

**What is the Settlement about?** A Settlement has been reached in a class action lawsuit claiming that TD Bank, N.A. ("TD Bank") breached its contract with accountholders and improperly assessed and collected fees when accountholders used a non-TD Bank ATM to check an account balance during the same ATM session as a cash withdrawal or transfer. TD Bank maintains it did nothing wrong; however, it has agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation. The Court has not decided which side is right. You can read the Settlement Agreement and other important documents on the Settlement Website at www.[Website].com.

**Why am I being contacted?** TD Bank's records show you are a member of the Settlement Class. The Settlement Class is all current and former TD Bank accountholders who were charged a non-TD Bank ATM Fee for conducting a balance inquiry during the same ATM session as a cash withdrawal or transfer at a non-TD Bank ATM during the Class Period. The Class Period means:

(a) For Settlement Class Members with accounts opened in Connecticut, Massachusetts, Maine, New Jersey, New York, Rhode Island, and Vermont: May 7, 2014 to December 31, 2019;

(b) For Settlement Class Members with accounts opened in Virginia and Florida: May 7, 2015 to December 31, 2019;

(c) For Settlement Class Members with accounts opened in Pennsylvania: May 7, 2016 to December 31, 2019;

(d) For Settlement Class Members with accounts opened in the District of Columbia, Delaware, Maryland, North Carolina, New Hampshire, and South Carolina: May 7, 2017 to December 31, 2019.

**What is an Out of Network ATM Balance Inquiry Fee?** An Out of Network ATM Balance Inquiry Fee or "OON Balance Inquiry Fee" means the fee TD Bank charged accountholders when using a non-TD Bank ATM to check an account balance during the same ATM session as a cash withdrawal or transfer. This Settlement does not relate to transactions at TD Bank ATMs.

**What are the Settlement terms?** TD Bank agreed to provide $11.9 million to the Settlement Class, which includes money for (a) payments to Class members, (b) attorneys' fees and expenses, (c) settlement administration costs, and (d) service awards to the named plaintiffs.

**How do I get my Settlement payout?** Once the Court approves the Settlement, payment will be made by check or a credit/direct deposit. Current TD Bank accountholders will receive a credit to (or deposit in) their accounts. Class members without an active TD Bank deposit account will receive checks mailed to and made payable to the name and address on record with TD Bank and/or the address returned by the United States Postal Service's National Change of Address database. The minimum award will be $2, with a possible additional amount for each Participating Settlement Class Member who incurred more than one OON Balance Inquiry Fee. The additional amount will depend on the amount of additional OON Balance Inquiry Fees each Settlement Class Member incurred. You do not have to do anything to receive your benefit. To confirm your mailing address for delivery of any check and for information about how the awards will be calculated, please visit www.[Website].com.

**Your other options.** If you do not want to be bound by the Settlement, you may exclude yourself by [DATE]. If you do not exclude yourself, you will release your claims against TD Bank. Alternatively, you may object to the Settlement by [DATE]. The Long Form Notice available at the Settlement website, listed below, explains how to exclude yourself or object. The Court will hold a hearing on [DATE] to consider whether to approve the Settlement and to consider a request by counsel for the Settlement Class for attorneys' fees and expenses of up to one-third of the Settlement Fund, and a request by the Class Representatives for Service Awards of up to $7,500 each. Details about the hearing are in the Long Form Notice. You may appear at the hearing, but you are not required to do so. You may hire your own attorney, at your own expense, to appear for you at the hearing.

**Questions?** If you have questions, please visit the Settlement website at www.[Website].com. You may also write with questions to [Settlement Administrator] or call the tollfree number [Phone Number]. **Please do not contact TD Bank or the Court for information.**

# Exhibit C

<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY</u>

## <u>NOTICE REGARDING CLASS ACTION SETTLEMENT</u>

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit claiming that TD Bank, N.A. ("TD Bank") breached its contract with accountholders and improperly assessed and collected fees when accountholders used an out of network ATM to conduct a balance inquiry. TD Bank maintains it did nothing wrong; however, it has agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation. The Court has not decided which side is right.

- A cash Settlement Fund of $11.9 million dollars has been established to pay Settlement Class Member Payments and any attorneys' fees, costs, expenses, and Service Awards ordered by the Court, as well as any Administrative Costs. Current and former TD Bank customers who incurred at least one Out of Network ATM Balance Inquiry Fee may be eligible for a Settlement Class Member Payment from the Settlement Fund.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Do Nothing And Receive A Payment Or Account Credit** | If you are entitled under the Settlement to a payment or account credit, you do not have to do anything to receive it. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class (*i.e.*, you do nothing and do not otherwise exclude yourself from the Settlement), you will automatically receive a payment or account credit. |
| **Exclude Yourself From The Settlement** <br><br> **Deadline: [Date]** | Instead of doing nothing, you may ask to be excluded from the lawsuit. If you do so, you will receive no benefit from the Settlement, but you retain your right to sue on your own. |
| **Object** <br><br> **Deadline: [Date]** | You may object to the terms of the Settlement Agreement and have your objections heard at the [date] Final Approval Hearing. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments and account credits will be provided if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**................................................................................................. **PAGE 3**

    1.     Why is there a Notice?
    2.     What is this lawsuit about?
    3.     What is an Out of Network ATM Balance Inquiry Fee?
    4.     Why is this a class action?
    5.     Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ..................................................................................... **PAGE 4**

    6.     Who is included in the Settlement?

**THE SETTLEMENT'S BENEFITS – WHAT YOU GET** ................................. **PAGES 4-5**

    7.     What does the Settlement provide?
    8.     How do I receive a payment?
    9.     What am I giving up to stay in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................. **PAGES 5-6**

    10.    How do I get out of the Settlement?
    11.    If I don't exclude myself, can I sue TD Bank for the same thing later?
    12.    If I exclude myself from the Settlement, can I still receive a payment?

**THE LAWYERS REPRESENTING YOU** .................................................................. **PAGE 6**

    13.    Do I have a lawyer in this case?
    14.    How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ...................................................................... **PAGE 7**

    15.    How do I tell the Court that I don't like the Settlement?
    16.    What is the difference between objecting and excluding?

**THE COURT'S FINAL APPROVAL HEARING**....................................................... **PAGE 8**

    17.    When and where will the Court decide whether to approve the Settlement?
    18.    Do I have to attend the hearing?
    19.    May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................................ **PAGE 8**

    20.    What happens if I do nothing at all?

**GETTING MORE INFORMATION**........................................................................... **PAGE 9**

    21.    How do I get more information?

## BASIC INFORMATION

### 1.  Why is there a Notice?

A Court authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all your options before the Court decides whether to give Final Approval to the Settlement.  This notice explains the lawsuit, the Settlement, and your legal rights.

The U.S. District Court for the District of New Jersey is overseeing this case.  The case is known as *Galgano d/b/a Shear Envy Hair Studio, et al. v. TD Bank, N.A.*, Case No. 1:20-cv-05623 (D.N.J.).  The people who sued are called the Plaintiffs.  The Defendant is TD Bank.

### 2.  What is this lawsuit about?

The lawsuit claims that TD Bank breached its contract with accountholders and improperly assessed and collected Out of Network ATM Balance Inquiry Fees when accountholders used an out of network ATM to conduct a balance inquiry together with another transaction such as a cash withdrawal.

The [Complaint] in this action is posted on the Settlement Website, www.[website].com and contains all of the allegations and claims asserted against TD Bank.  TD Bank maintains it did nothing wrong but has agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation.  The Court has not decided which side is right.

### 3.  What is an Out of Network ATM Balance Inquiry Fee?

The phrase Out of Network ATM Balance Inquiry Fee (or "OON Balance Inquiry Fee") refers to the fee TD Bank charged accountholders when using a non-TD Bank ATM to check an account balance in the same session that accountholders made a withdrawal or transfer.  This Settlement does <u>not</u> relate to fees charged for transactions at TD ATMs.

### 4.  Why is this a class action?

In a class action, one person or a group of people, called Class Representatives (in this case, two TD Bank customers who were assessed OON Balance Inquiry Fees) sued on behalf of people who have similar claims.  All the people who have claims similar to the Class Representatives are members of the Settlement Class, except for those who exclude themselves from the class.

### 5.  Why is there a Settlement?

The Court has not decided in favor of either the Plaintiffs or TD Bank.  Instead, both sides agreed to the Settlement.  By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and Settlement Class Members receive the benefits described in this Notice.  The Class Representatives and their attorneys think the Settlement is best for everyone who is affected.

## WHO IS IN THE SETTLEMENT?

If you received notice of the Settlement from a postcard or email addressed to you, then you are in the Settlement Class. If you did not receive a postcard or email notice, then the persons included in the Settlement Class are described below. If you believe you are in the Settlement Class, but for some reason did not receive a postcard or email, please contact the Settlement Administrator through this website or the number provided on this website.

### 6. Who is included in the Settlement?

With some exceptions explained below, you are a member of the Settlement Class if you are a current or former TD Bank customer who was charged an OON Balance Inquiry Fee during "the Class Period." The Class Period means:

(a)   For Settlement Class Members whose accounts were opened in Connecticut, Massachusetts, Maine, New Jersey New York, Rhode Island, and Vermont: the period from May 7, 2014 to December 31, 2019;

(b)   For Settlement Class Members whose accounts were opened in Virginia: the period from May 7, 2015 to December 31, 2019;

(c)   For Settlement Class Members whose accounts were opened in Pennsylvania: the period from May 7, 2016 to December 31, 2019;

(d)   For Settlement Class Members whose accounts were opened in the District of Columbia, Delaware, Maryland, North Carolina, New Hampshire, and South Carolina: the period from May 7, 2017 to December 31, 2019.

Excluded from the Settlement Class is (1) TD Bank, its parents, subsidiaries, affiliates, officers and directors; (2) all Settlement Class members who exclude themselves from the Settlement; and (3) all judges assigned to this litigation and their immediate family members.

## THE SETTLEMENT'S BENEFITS – WHAT YOU GET

### 7. What does the Settlement provide?

TD Bank has agreed to establish a cash Settlement fund of $11.9 million dollars from which Settlement Class Members will receive payments. The minimum award will be $2, with a possible additional amount for each Participating Settlement Class Member who incurred more than one OON Balance Inquiry Fee. The additional amount cannot be determined at this time; it will depend on the number of Participating Settlement Class Members and the amount of additional OON Balance Inquiry Fees each Participating Settlement Class Member incurred. Pursuant to the Court's approval, the Settlement Fund will also be used to pay attorneys' fees awarded to Class Counsel, reimbursement of Class Counsel's litigation expenses and costs, Administrative Costs of the Settlement Administrator, and a Service Award of up to $7,500 for each Class Representative.

Any Residual Funds that are not feasible and practical to distribute to individual Participating Settlement Class Members will be provided to one or more charitable organization ("*cy pres*" recipients). The parties will recommend an organization or organizations with their Motion for Final Approval.

**8. How do I receive a payment?**

If you are in the Settlement Class and are entitled to receive a payment, you do not need to do anything to receive a Settlement payment. If the Court approves the Settlement and it becomes final and effective, you will automatically be sent a payment or account credit.

Once the Court approves the Settlement, payment will be made by check or a credit/direct deposit. Current TD Bank accountholders will receive a credit to (or deposit in) their accounts. Participating Settlement Class Members without an active TD Bank deposit account will receive checks mailed to and made payable to the name and address on record with TD Bank and/or the address returned by the United States Postal Service's National Change of Address database. Settlement Class Members may write to the Settlement Administrator to provide mailing address updates before the Final Approval Hearing.

**9. What am I giving up to stay in the Settlement Class?**

If you stay in the Settlement Class, all the decisions by the Court will bind you, and you give TD Bank a release. A release means you cannot sue, continue to sue, or be part of any other lawsuit against TD Bank about the issues in this case. Section XVI of the [Settlement Agreement] contains the release and describes the claims that you give up if you remain in the Settlement. The Settlement Agreement is available at www.[website].com.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want benefits from the Settlement, and you want to keep the right to sue TD Bank on your own about the issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself – or it is sometimes referred to as "opting- out" of the Settlement Class.

**10. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail that includes the following:

- Your name and TD Bank account number(s);

- A dated, written statement that you want to "opt-out" or "be excluded" from the Settlement Class in *Galgano d/b/a Shear Envy Hair Studio, et al. v. TD Bank, N.A.*, Case No. 1:20-cv-05623 (D.N.J.) and understand that you will not receive a Settlement Class Member Payment from the Settlement; and

- Your personal signature.

You must mail your exclusion request, postmarked no later than **[deadline]**, to:

Settlement Administrator
ATM Balance Inquiry Fee Settlement Program
P.O. Box _____

_____

If an account has more than one accountholder, then all accountholders on that account shall be deemed to have opted-out of the Settlement with respect to that account if any accountholder opts out of the Settlement, and no accountholder shall be entitled to a Settlement Class Member Payment.

**11.  If I do not exclude myself, can I sue TD Bank for the same thing later?**

No.  Unless you exclude yourself, you give up the right to sue TD Bank for the claims that the Settlement resolves.  You must exclude yourself in order to try to pursue your own lawsuit.

**12.  If I exclude myself from the Settlement, can I still receive a payment?**

No.  You will not receive a payment if you exclude yourself from the Settlement.

**THE LAWYERS REPRESENTING YOU**

**13.  Do I have a lawyer in this case?**

The Court has appointed lawyers to represent you and others in the Settlement Class, including the law firms of Wilentz, Goldman & Spitzer, P.A., KalielGold PLLC, and The Kick Law Firm, P.C..  Class Counsel will represent you and others in the Settlement Class.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.  How will the lawyers be paid?**

Class Counsel intends to request up to one-third of the Settlement Fund for attorneys' fees and their litigation expenses and costs incurred in connection with prosecuting this case.  The fees and expenses awarded by the Court will be paid out of the Settlement Fund.  The Court will determine the amount of fees and expenses to award.

Class Counsel will also request that a Service Award of up to $7,500 for each Class Representative (totaling $15,000) be paid from the Settlement Fund for their service to the Settlement Class.  Any Service Award is subject to Court approval.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or some part of it.

**15. How do I tell the Court that I don't like the Settlement?**

If you are a Settlement Class Member and have not requested to be excluded from the Settlement Class, you can object to any part of the Settlement; the Settlement as a whole; Class Counsel's requests for fees, costs and expenses; and/or Class Counsel's request for Service Awards for the Class Representatives.  To object, you must submit your objection by first class mail to the Clerk of the Court and the Settlement Administrator.  Your objection must include the following:

- The name and case number of this case, which is *Galgano d/b/a Shear Envy Hair Studio, et al. v. TD Bank, N.A.*, Case No. 1:20-cv-05623 (D.N.J.);

- Your full name, address and telephone number;

- All grounds for the objection, accompanied by citation to any relevant legal authority;

- The number of times you have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which you have made such objection, and a copy of any orders or opinions related to or ruling upon the prior objections that were issued by the trial and appellate courts in each listed case;

- The identity of any attorney representing you;

- Any and all agreements that relate to the objection or the process of objecting—whether written or verbal—between you and any other person or entity;

- The number of times in which your attorney and/or your attorney's law firm have objected to a class action settlement within the five years preceding the date you file the objection, the caption of each case, and a copy of any orders related to or ruling upon attorney's or attorney's law firm's prior objections within the preceding five years;

- A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

- A statement confirming whether you (or your attorney) intend to personally appear and/or testify at the Final Approval Hearing; and

- Your personal signature (an attorney's signature is not sufficient).

Your objection must be mailed to the following address and postmarked no later than [date]:

Settlement Administrator
ATM Balance Inquiry Fee Settlement Program
P.O. Box _____
_____

**16. What is the difference between objecting and excluding?**

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you don't want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement and the request for attorneys' fees, litigation expenses and costs, and Service Awards for the Class Representatives. You may attend and you may ask to speak, but you don't have to do so. If you retain your own counsel, they may appear on your behalf.

**17. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at [time] ET on [date], at the United States District Court for the District of New Jersey, located at Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101. The hearing may be held remotely or may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website at www.[website].com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider any request by Class Counsel for attorneys' fees and expenses and for the Service Awards for the Class Representatives. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**18. Do I have to attend the hearing?**

No. Class Counsel will answer any questions the Court may have. However, you may attend at your own expense. If you send an objection, you don't have to come to Court to talk about it. Provided you submitted your written objection on time, to the proper address, and it complies with the requirements set forth above, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THE SETTLEMENT.

**19. May I speak at the hearing?**

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the Final Approval Hearing concerning any part of the proposed Settlement by asking to speak in your objection by following the instructions above in Section 15.

## IF YOU DO NOTHING

**20. What happens if I do nothing at all?**

If you do nothing, you will still receive the benefits to which you are entitled, assuming you can be reached by class notice. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against TD Bank relating to the issues in this case.

## GETTING MORE INFORMATION

**21. How do I get more information?**

This Long Form Notice summarizes the proposed Settlement. More details can be found in the Settlement Agreement. You can obtain a copy of the Settlement Agreement on this website. You may also write with questions to the Settlement Administrator, ATM Balance Inquiry Fee Settlement Program, P.O. Box _____, _____, or call the toll-free number, [phone]. Do not contact TD Bank or the Court for information.

# Exhibit D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| DENISE GALGANO DBA SHEAR ENVY HAIR STUDIO AND TASHINA DRAKEFORD, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>  v.<br><br>TD BANK, N.A.,<br><br>      Defendant. | CASE NO.: 1:20-cv-5623-KMW-SAK |

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS <u>AND APPROVING CLASS NOTICE</u>

THIS MATTER having been opened to the Court by Wilentz, Goldman & Spitzer, P.A., KalielGold PLLC, and The Kick Law Firm, P.C. (collectively "Class Counsel") for the Class Representatives and WilmerHale and Brown and Connery, LLP (collectively "Defense Counsel") for the Defendant by way of Motion for Preliminary Approval of the proposed Settlement in the above matter; and

WHEREAS, the Court has jurisdiction over this action and the parties under 28 U.S.C. § 1331 and that venue is proper in this District;

1

WHEREAS, following arm's length negotiations, the Parties[1] executed the Class Action Settlement Agreement, the terms of which will fully settle all of the Released Claims; and

WHEREAS, upon reviewing the Settlement Agreement and Release and the Motion for Preliminary Approval, and the matter having come before the Court for entry of the Preliminary Approval Order;

IT IS ON THIS _____ day of ___, 2022

ORDERED as follows:

**1.    Preliminary Approval** – The Court finds and concludes that the Settlement is within the range of reasonableness warranting preliminary approval of the Settlement and the entry of this Preliminary Approval Order.

**2.    Class Findings** – For purposes of the Settlement, the Court preliminarily finds that the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met in that:

a.    The Settlement Class Members are so numerous that joinder of all Class Members would be impracticable;

---

[1] For purposes of this Order, the Court adopts all defined terms as set forth in the Class Action Settlement Agreement.

2

b. The Class Representatives have alleged one or more questions of fact and law common to the Class including:

  i. whether the terms of the proposed Settlement are fair, reasonable and adequate; and

  ii. whether Defendant violated contract terms.

c. The Class Representatives' claims are typical of the claims of the Settlement Class;

d. The Class Representatives will fairly and adequately protect the interests of the Settlement Class, and the Class Representatives' interests ware not antagonistic to those of the Settlement Class. The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex case action litigation; and

e. Questions of law and fact common to Settlement Class Members predominate over questions affecting only individual Settlement Class Members.  The Court also finds that class action resolution in the manner proposed in the Settlement Agreement would be superior to other available methods for a fair and efficient adjudication of this litigation.  In making these preliminary findings, the Court has considered, among other factors: (i) the interest of Settlement Class Members in individually controlling the prosecution or defense of

separate actions; (ii) the impracticability or inefficiency of prosecuting

or defending separate actions; (iii) the extent and nature of any litigation

concerning these claims already commenced; and (iv) the desirability

of concentrating the litigation of the claims in a particular forum

3. **Preliminary Class Certification for Settlement Purposes** – Based upon the

findings set forth in ¶ 2 above, the Court preliminarily certifies the Settlement Class

for settlement purposes under Fed. R. Civ. Proc. 23.  The Settlement Class consists

of:

> All TD Bank accountholders in the United States who, within the
> applicable Class Period, incurred at least one OON ATM Balance
> Inquiry Fee.  Excluded from the Settlement Class are TD Bank; TD
> Bank's officers and directors at all relevant times, as well as members
> of their immediate families and their legal representatives, heirs,
> successors or assigns; and any entity in which TD Bank has or had a
> controlling interest.  Also excluded from the Settlement Class are
> federal, state, and local governments and all agencies and subdivisions
> thereunder; and any judge to whom this Action is or has been assigned
> and any member of her immediate family.

4. **Appointment of Class Representatives** – The Court preliminarily appoints

the following Class Representatives: Denise Galgano d/b/a Shear Envy Hair Studio

and Tashina Drakeford.

5. **Appointment of Class Counsel** – The Court appoints Wilentz,

Goldman & Spitzer, P.A., KalielGold PLLC, and The Kick Law Firm, P.C. as

Class Counsel pursuant to Fed R. Civ. P. 23(g).

4

6.     **Findings Regarding the Settlement** – The Court finds that: (a) the Settlement Agreement resulted from arm's-length negotiations; and (b) the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant providing notice of the proposed Settlement to Settlement Class Members and holding a Fairness Hearing.

7.     **Fairness Hearing** – The Court will hold a Fairness Hearing at _____, on _____, at the United States Courthouse located at 4th & Cooper Streets, Camden, NJ 08101, for the following purposes:   (a) to determine whether the Settlement should be finally approved by the Court as fair, reasonable, adequate and in the best interests of the Class; (b) to determine whether the Class should be finally certified for settlement purposes; (c) to determine whether a Judgment should be entered dismissing and releasing the Released Claims with prejudice; (d) to rule upon the Fee and Expense Application and the Service Awards for the Class Representatives; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Fairness Hearing may be adjourned by the Court without notice to the Class other than an announcement of the adjournment at the scheduled time of the Fairness Hearing or at the scheduled time of any adjournment of the Fairness Hearing.

**8.**     **Modifications to the Settlement** – The Court may consider modifications to the Settlement (with the consent of the Settling Parties) without further notice to the Class.

**9.**     **Claims Administrator** – The Court hereby appoints Epiq Systems, Inc. as the Settlement Administrator for the Settlement, to assist the Parties in, among other things:

   a.     Sending the Mail Notice and Email Notice as specified in the Settlement Agreement;

   b.     Posting the Long Form Notice on the Settlement's website;

   c.     Answering inquiries from Settlement Class Members; and

   d.     Undertaking other tasks as identified in the Settlement Agreement.

**10.**     **Notice to Settlement Class Members** – The Court finds and concludes that the methods of providing notice to Settlement Class Members: (a) is the best notice reasonably practicable under the circumstances; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this action, the claims alleged in the action, the effect of the Settlement Agreement (including the Release), and their right to object to the Settlement and their right to exclude themselves from the Class; (c) fully satisfies the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law; and (d) constitutes due and sufficient notice to all Persons entitled to receive notice.

11.   **Requests for Exclusion** – Any Person may request exclusion from the Settlement Class. For an opt-out to be considered by the Court, the opt-out must be submitted no later than the Opt-Out Deadline, as specified herein. For an opt-out to be considered by the Court, the opt-out must set forth:

    a.     The name of the Action;

    b.     The person's or entity's full name, address, e-mail address, telephone number, and last four digits of the person or entity's TD Bank account number;

    c.     A specific statement of the person's or entity's intention to be excluded from the Settlement, and that the individual understands that he or she will receive no money from the Settlement;

    d.     The identity of the person's or entity's counsel, if represented; and

    e.     The person's or entity's authorized representative's signature and the date on which the request was signed.

12.   **Effect of Request for Exclusion** – Any Settlement Class Member who requests exclusion from the Settlement Class in accordance with the terms stated in this Preliminary Order shall be excluded from the Settlement Class and shall not be bound by the terms of the Settlement and the Judgment, but shall have no right to participate in the distribution of the Settlement Fund.

**13.**     **Effect of Not Requesting Exclusion** − Any Settlement Class Member who does not request exclusion from the Settlement Class in the manner stated in this Order shall be deemed to have waived the right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, if the Court approves the Settlement.

**14.**     **Objections** – Any Settlement Class Member may object to the Settlement, the Fee and Expense request or request for Service Awards to the Class Representatives or otherwise request to be heard in person or by counsel concerning any matter properly before the Court at the Fairness Hearing.

For an objection to be considered by the Court, the Participating Settlement Class Member must not have opted out of the Settlement and the objection must be electronically filed or mailed first-class postage prepaid and addressed in accordance with the instructions and the postmark date indicated on the envelope must be no later than the Objection Deadline, as specified herein.

For an objection to be considered by the Court, the objection must set forth:

a.     The name of the Action;

b.     The objector's full name, address, e-mail address, and telephone number;

c.     An explanation of the basis upon which the objector claims to be a Settlement Class Member;

8

d.   A statement whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

e.   A statement with specificity of all grounds for the objection, accompanied by any legal support for the objection known to the objector or the objector's counsel;

f.   The number of times in which the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

g.   The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

h.   The number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

i.   The identity of all counsel representing the objector who will appear at the Final Approval Hearing;

j.   A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

k.   A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

l.   The objector's signature (an attorney's signature is not sufficient). Any objection submitted on behalf of a business entity must identify the title of the authorized individual signing the objection.

All evidence and legal support a Participating Settlement Class Member wishes to use to support an objection must be filed with the Court on or before the Objection Deadline and sent to the Parties postmarked on or before the Objection Deadline. The Parties may file responses to any objections that are submitted and shall have the right to take discovery, including via subpoenas duces tecum and depositions, from any objector.

Any Participating Settlement Class Member who timely files and serves an objection in accordance with this section may appear at the Final Approval Hearing, either in person or through an attorney, if the Participating Settlement Class Member files a notice with the Court by the Objection Deadline indicating that he or she wishes to appear at the Final Approval Hearing. A Participating Settlement Class Member who wishes to appear at the Final Approval Hearing must also send to the Administrator, by the Objection Deadline, a copy of the notice indicating that he or she wishes to appear. Failure to adhere to the requirements of this section will bar a Participating Settlement Class Member from being heard at the Final Approval Hearing, either individually or through an attorney, unless the Court otherwise orders.

**15.    Effect of Filing Objections** − By objecting to the Settlement, the Fee and Expense request, Service Awards to Class Representatives, or otherwise requesting to be heard at the Fairness Hearing, a Class Member shall be deemed to have

submitted to the jurisdiction of the Court, including any order the Court issues concerning discovery, with respect to the Class Member's objection or request to be heard and the subject matter of the Settlement. Such jurisdiction shall include, but not be limited to, enforcement of the terms of the Settlement, including, but not limited to, the Release provided for in the Judgment.

16.   **Effect of Not Filing an Objection** – Any Participating Settlement Class Member who does not object to the Settlement, the Fee and Expense request, Service Award to Class Representatives, or otherwise request to be heard at the Fairness Hearing, in the manner required by this Order, shall be deemed to have waived the right to object or otherwise be heard concerning these subjects, and shall forever be barred from objecting to the Settlement, the Fee and Expense request, Service Award to Class Representatives, or from otherwise being heard concerning these subjects in this or any other proceeding.

17.   **Stay of Litigation** – Pending the Fairness Hearing, the Court stays all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

18.   **Future Deadlines** – The Court orders the following deadlines for events prior to the Fairness Hearing:

| EVENT | Proposed Due Date |
|---|---|
| Complete Email Notice and Mail Notice | 90 days after Preliminary Approval |
| Application for Class Counsel Fees and | 30 days after the Notice Deadline |

| | |
|---|---|
| Service Award | |
| Opt-Out Deadline | 60 days after the Notice Deadline |
| Objection Deadline | 60 days after the Notice Deadline |
| Plaintiffs' Motion for Final Approval | 7 days before the Final Approval Hearing |
| Final Approval Hearing | [No earlier than 180 days after Preliminary Approval] |

IT IS SO ORDERED.

_____
HON. KAREN M. WILLIAMS
United States District Court Judge