IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DENISE GALGANO DBA SHEAR ENVY HAIR STUDIO AND TASHINA DRAKEFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>TD BANK, N.A.,<br><br>Defendant. | CASE NO.: 1:20-cv-5623-KMW-SAK |

## ORDER GRANTING PRELIMINARY APPROVAL OF ~~SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS~~ AND APPROVING CLASS NOTICE

THIS MATTER having been opened to the Court by Wilentz, Goldman & Spitzer, P.A., KalielGold PLLC, and The Kick Law Firm, P.C. (collectively "Class Counsel") for the Class Representatives and WilmerHale and Brown and Connery, LLP (collectively "Defense Counsel") for the Defendant by way of Motion for Preliminary Approval of the proposed Settlement in the above matter; and

WHEREAS, the Court has jurisdiction over this action and the parties under 28 U.S.C. § 1331 and that venue is proper in this District;

1

#13453585.1

WHEREAS, following arm's length negotiations, the Parties[1] executed the Class Action Settlement Agreement, the terms of which will fully settle all of the Released Claims; and

WHEREAS, upon reviewing the Settlement Agreement and Release and the Motion for Preliminary Approval, and the matter having come before the Court for entry of the Preliminary Approval Order;

IT IS ON THIS **22nd** day of **December, 2022**

ORDERED as follows:

1. **Preliminary Approval** – The Court finds and concludes that the Settlement is within the range of reasonableness warranting preliminary approval of the Settlement and the entry of this Preliminary Approval Order.

2. **Class Findings** – For purposes of the Settlement, the Court preliminarily finds that the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met in that:

   a. The Settlement Class Members are so numerous that joinder of all Class Members would be impracticable;

---

[1] For purposes of this Order, the Court adopts all defined terms as set forth in the Class Action Settlement Agreement.

2

    b.    The Class Representatives have alleged one or more questions of fact and law common to the Class including:

        i.    whether the terms of the proposed Settlement are fair, reasonable and adequate; and

        ii.    whether Defendant violated contract terms.

    c.    The Class Representatives' claims are typical of the claims of the Settlement Class;

    d.    The Class Representatives will fairly and adequately protect the interests of the Settlement Class, and the Class Representatives' interests are not antagonistic to those of the Settlement Class. The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation; and

    e.    Questions of law and fact common to Settlement Class Members predominate over questions affecting only individual Settlement Class Members. The Court also finds that class action resolution in the manner proposed in the Settlement Agreement would be superior to other available methods for a fair and efficient adjudication of this litigation. In making these preliminary findings, the Court has considered, among other factors: (i) the interest of Settlement Class Members in individually controlling the prosecution or defense of

#13453585.1

separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum

3. **Preliminary Class Certification for Settlement Purposes** – Based upon the findings set forth in ¶ 2 above, the Court preliminarily certifies the Settlement Class for settlement purposes under Fed. R. Civ. Proc. 23. The Settlement Class consists of:

> All TD Bank accountholders in the United States who, within the applicable Class Period, incurred at least one OON ATM Balance Inquiry Fee. Excluded from the Settlement Class are TD Bank; TD Bank's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which TD Bank has or had a controlling interest. Also excluded from the Settlement Class are federal, state, and local governments and all agencies and subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of her immediate family.

4. **Appointment of Class Representatives** – The Court preliminarily appoints the following Class Representatives: Denise Galgano d/b/a Shear Envy Hair Studio and Tashina Drakeford.

5. **Appointment of Class Counsel** – The Court appoints Wilentz, Goldman & Spitzer, P.A., KalielGold PLLC, and The Kick Law Firm, P.C. as Class Counsel pursuant to Fed R. Civ. P. 23(g).

4

6.     **Findings Regarding the Settlement** – The Court finds that: (a) the Settlement Agreement resulted from arm's-length negotiations; and (b) the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant providing notice of the proposed Settlement to Settlement Class Members and holding a Fairness Hearing.

7.     **Fairness Hearing** – The Court will hold a Fairness Hearing at **10:00 a.m.**, on **July 19, 2023**, at the United States Courthouse located at 4th & Cooper Streets, Camden, NJ 08101, for the following purposes:  (a) to determine whether the Settlement should be finally approved by the Court as fair, reasonable, adequate and in the best interests of the Class; (b) to determine whether the Class should be finally certified for settlement purposes; (c) to determine whether a Judgment should be entered dismissing and releasing the Released Claims with prejudice; (d) to rule upon the Fee and Expense Application and the Service Awards for the Class Representatives; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Fairness Hearing may be adjourned by the Court without notice to the Class other than an announcement of the adjournment at the scheduled time of the Fairness Hearing or at the scheduled time of any adjournment of the Fairness Hearing.

#13453585.1

8.     **Modifications to the Settlement** – The Court may consider modifications to the Settlement (with the consent of the Settling Parties) without further notice to the Class.

9.     **Claims Administrator** – The Court hereby appoints Epiq Systems, Inc. as the Settlement Administrator for the Settlement, to assist the Parties in, among other things:

    a.     Sending the Mail Notice and Email Notice as specified in the Settlement Agreement;

    b.     Posting the Long Form Notice on the Settlement's website;

    c.     Answering inquiries from Settlement Class Members; and

    d.     Undertaking other tasks as identified in the Settlement Agreement.

10.    **Notice to Settlement Class Members** – The Court finds and concludes that the methods of providing notice to Settlement Class Members: (a) is the best notice reasonably practicable under the circumstances; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this action, the claims alleged in the action, the effect of the Settlement Agreement (including the Release), and their right to object to the Settlement and their right to exclude themselves from the Class; (c) fully satisfies the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law; and (d) constitutes due and sufficient notice to all Persons entitled to receive notice.

#13453585.1

11. **Requests for Exclusion** – Any Person may request exclusion from the Settlement Class. For an opt-out to be considered by the Court, the opt-out must be submitted no later than the Opt-Out Deadline, as specified herein. For an opt-out to be considered by the Court, the opt-out must set forth:

   a. The name of the Action;

   b. The person's or entity's full name, address, e-mail address, telephone number, and last four digits of the person or entity's TD Bank account number;

   c. A specific statement of the person's or entity's intention to be excluded from the Settlement, and that the individual understands that he or she will receive no money from the Settlement;

   d. The identity of the person's or entity's counsel, if represented; and

   e. The person's or entity's authorized representative's signature and the date on which the request was signed.

12. **Effect of Request for Exclusion** – Any Settlement Class Member who requests exclusion from the Settlement Class in accordance with the terms stated in this Preliminary Order shall be excluded from the Settlement Class and shall not be bound by the terms of the Settlement and the Judgment, but shall have no right to participate in the distribution of the Settlement Fund.

7

#13453585.1

13. **Effect of Not Requesting Exclusion** – Any Settlement Class Member who does not request exclusion from the Settlement Class in the manner stated in this Order shall be deemed to have waived the right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, if the Court approves the Settlement.

14. **Objections** – Any Settlement Class Member may object to the Settlement, the Fee and Expense request or request for Service Awards to the Class Representatives or otherwise request to be heard in person or by counsel concerning any matter properly before the Court at the Fairness Hearing.

For an objection to be considered by the Court, the Participating Settlement Class Member must not have opted out of the Settlement and the objection must be electronically filed or mailed first-class postage prepaid and addressed in accordance with the instructions and the postmark date indicated on the envelope must be no later than the Objection Deadline, as specified herein.

For an objection to be considered by the Court, the objection must set forth:

a. The name of the Action;

b. The objector's full name, address, e-mail address, and telephone number;

c. An explanation of the basis upon which the objector claims to be a Settlement Class Member;

#13453585.1

d. A statement whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

e. A statement with specificity of all grounds for the objection, accompanied by any legal support for the objection known to the objector or the objector's counsel;

f. The number of times in which the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

g. The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

h. The number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

i. The identity of all counsel representing the objector who will appear at the Final Approval Hearing;

j. A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

k. A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

l. The objector's signature (an attorney's signature is not sufficient). Any objection submitted on behalf of a business entity must identify the title of the authorized individual signing the objection.

All evidence and legal support a Participating Settlement Class Member wishes to use to support an objection must be filed with the Court on or before the Objection Deadline and sent to the Parties postmarked on or before the Objection Deadline. The Parties may file responses to any objections that are submitted and shall have the right to take discovery, including via subpoenas duces tecum and depositions, from any objector.

Any Participating Settlement Class Member who timely files and serves an objection in accordance with this section may appear at the Final Approval Hearing, either in person or through an attorney, if the Participating Settlement Class Member files a notice with the Court by the Objection Deadline indicating that he or she wishes to appear at the Final Approval Hearing. A Participating Settlement Class Member who wishes to appear at the Final Approval Hearing must also send to the Administrator, by the Objection Deadline, a copy of the notice indicating that he or she wishes to appear. Failure to adhere to the requirements of this section will bar a Participating Settlement Class Member from being heard at the Final Approval Hearing, either individually or through an attorney, unless the Court otherwise orders.

15. **Effect of Filing Objections** – By objecting to the Settlement, the Fee and Expense request, Service Awards to Class Representatives, or otherwise requesting to be heard at the Fairness Hearing, a Class Member shall be deemed to have

submitted to the jurisdiction of the Court, including any order the Court issues concerning discovery, with respect to the Class Member's objection or request to be heard and the subject matter of the Settlement. Such jurisdiction shall include, but not be limited to, enforcement of the terms of the Settlement, including, but not limited to, the Release provided for in the Judgment.

16. **Effect of Not Filing an Objection** – Any Participating Settlement Class Member who does not object to the Settlement, the Fee and Expense request, Service Award to Class Representatives, or otherwise request to be heard at the Fairness Hearing, in the manner required by this Order, shall be deemed to have waived the right to object or otherwise be heard concerning these subjects, and shall forever be barred from objecting to the Settlement, the Fee and Expense request, Service Award to Class Representatives, or from otherwise being heard concerning these subjects in this or any other proceeding.

17. **Stay of Litigation** – Pending the Fairness Hearing, the Court stays all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

18. **Future Deadlines** – The Court orders the following deadlines for events prior to the Fairness Hearing:

| EVENT | Proposed Due Date |
| --- | --- |
| Complete Email Notice and Mail Notice | March 24, 2023 |
| Application for Class Counsel Fees and Service Award | April 24, 2023 |

#13453585.1

| Opt-Out Deadline | May 26, 2023 |
| --- | --- |
| Objection Deadline | May 26, 2023 |
| Plaintiffs' Motion for Final Approval | July 12, 2023 |
| Final Approval Hearing | July 19, 2023 at 10:00 a.m. |

IT IS SO ORDERED.

HON. KAREN M. WILLIAMS
United States District Court Judge

#13453585.1