# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE GALGANO DBA SHEAR ENVY HAIR STUDIO and TASHINA DRAKEFORD, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>TD BANK, N.A.,<br><br>    Defendant. | CASE NO.: 1:20-cv-5623-KMW-SAK<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

THIS MATTER having been opened to the Court by Wilentz Goldman & Spitzer, PA, The Kick Law Firm, APC and KalielGold PLLC (collectively "Class Counsel") for the Class Representatives by way of Motion for Final Approval of the proposed Settlement and Motion for an Award of Attorneys' Fees, Costs and Class Representatives' Incentive Awards in the above matter; and

**WHEREAS**, the Court has jurisdiction over this action and the parties under 28 U.S.C. § 1331 and that venue is proper in this District

IT IS ON THIS __19th__ day of __July__ 2023

**ORDERED** that this Order incorporates by reference the definitions in the Class Action Settlement Agreement, dated October 24, 2022, entered into between the parties ("Settlement Agreement") and the Preliminary Approval Order, dated December 22, 2022, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement and the Preliminary Approval Order;

{KB263501.1 001191-10367}

**IT IS FURTHER ORDERED THAT** the Settlement Class consists of and is defined as follows;

> All TD Bank accountholders in the United States who, within the applicable Class Period, incurred at least one OON ATM Balance Inquiry Fee. Excluded from the Settlement Class are TD Bank; TD Bank's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which TD Bank has or had a controlling interest. Also excluded from the Settlement Class are federal, state, and local governments and all agencies and subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of her immediate family.

**IT IS FUTHER ORDERED THAT** that the proposed Settlement Class meets all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), affirms certification of the Settlement Class, and approves the Settlement as set forth in the Settlement Agreement;

**IT IS FURTHER ORDERED THAT** the Settlement, pursuant to the factors provided in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), is approved as fair, reasonable and adequate, and in the best interests of the Class;

**IT IS FURTHER ORDERED THAT** Wilentz Goldman & Spitzer, PA, The Kick Law Firm, APC and KalielGold PLLC have fairly and adequately represented the interests of the Settlement Class and confirms them as Class Counsel pursuant to Rule 23;

**IT IS FURTHER ORDERED THAT** the Email Notice and Mail Notice to the Settlement Class Members complied with the Court's Preliminary Approval Order, that it was the best notice reasonably practicable under the circumstances, and that it otherwise satisfied the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law;

**IT IS FURTHER ORDERED THAT** all Settlement Class Members who did not effectively request to be excluded from the Class are bound by the terms and conditions of this Order, the Preliminary Approval Order and the Settlement Agreement;

**IT IS FURTHER ORDERED THAT** any Settlement Class Members requesting exclusion from the Class shall not be entitled to receive any compensation as described in the Settlement Agreement, and that the ten members of the Settlement Class in the list attached as Exhibit A to the Supplemental Declaration of Robert Coomes are excluded from the settlement;

**IT IS FURTHER ORDERED THAT** the Amended Complaint shall be and hereby is dismissed with prejudice as against all parties and without costs, except as provided in the Settlement Agreement;

**IT IS FURTHER ORDERED THAT**, pursuant to the terms of the Settlement Agreement, upon the Effective Date, Plaintiffs and Participating Settlement Class Members, each on behalf of himself or herself and on behalf of his or her respective past, present and future heirs, executors, administrators, assigns, beneficiaries, directors, officers, managers, employees, general partners, limited partners, principles, employees, insurers, reinsurers, attorneys, advisors, representatives, predecessors, successors, assigns, and legal representatives, shall automatically be deemed to have fully and irrevocably released and forever discharged TD Bank and each of its present, former, and future parents, subsidiaries, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, insurers, shareholders, joint ventures, co-venturers, officers, and directors (whether acting in such capacity or individually), attorneys, advisors, consultants, independent contractors, wholesalers, resellers, distributors, retailers, vendors, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, managers, administrators, and each

person or entity acting or purporting to act for them or on their behalf, including, but not limited to all of their subsidiaries and affiliates (collectively, "Releasees") with respect to any claims, issues, liabilities, rights, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, or remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that relate to, result from, are based upon, or arise out of any of the claims that were asserted in the Action, and any allegations, acts, transactions, facts, events, matters, occurrences, representations, statements, or omissions that were or could have been asserted in the Action, and whether assertable in the form of a cause of action or as a private motion, petition for relief or claim for contempt, or otherwise, and in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, and whether based on any federal, state (including, without limitation, breach of contract, breach of the implied covenant of good faith and fair dealing, the New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.*, and the New York General Business Law § 349, *et seq.*), local, statutory or common law or any other law, rule, regulation, ordinance, code, contract, common law, or any other source, including the law of any jurisdiction outside the United States (including both direct and derivative claims), including any and all claims for damages, injunctive relief, interest, attorney fees, and litigation expenses ("Released Claims");

**IT IS FURTHER ORDERED THAT** the promises and commitments of the parties under the terms of the Settlement Agreement constitute fair value given in exchange for the releases and final judgment provided by this Order and the Settlement Agreement and that the Settlement between the parties was reached after arm's-length negotiations;

**IT IS FURTHER ORDERED THAT** no person shall have any claim against the Class Representatives, Class Counsel, the Defendant or the Defendant's counsel based upon the administration of the Settlement that is substantially in accordance with the terms of the Settlement Agreement or any order of this Court;

**IT IS FURTHER ORDERED THAT** this Court shall retain jurisdiction over the parties and the Class for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order;

**IT IS FURTHER ORDERED THAT** the facts and terms of the Preliminary Approval Order and this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with Preliminary Approval Order or this Order, and the Settlement, and any act performed or document executed pursuant to or in furtherance of the Preliminary Approval Order or this Order or Settlement, including any documents submitted to the Court in support of the Settlement or Preliminary Approval Order or this Order shall not be deemed an admission by any party, person or entity as to the merits of any claim or defense in the Action or any subsequent litigation, arbitration or other administrative, quasi-judicial or judicial proceeding;

**IT IS FURTHER ORDERED THAT** Class Counsel is awarded $3,966,666.00 in attorneys' fees and expenses;

**IT IS FURTHER ORDERED THAT** the Class Representatives, Denise Galgano d/b/a Shear Envy Hair Studio and Tashina Drakeford, are each awarded a Service Award of $7,500.00;

**IT IS FURTHER ORDERED THAT** the awarded attorneys' fees, costs and expenses and Incentive Awards are to be paid and distributed in accordance with the Settlement Agreement;

**IT IS FURTHERED ORDERED THAT** Class Counsel may pay from the Settlement Fund, without further approval of the Court, the reasonable costs and expenses presently and in the future incurred by Epiq Systems, Inc. as set forth in the Order granting Preliminary Approval and/or the Settlement Agreement, associated with the design, administration and implementation of the notice program and settlement administration; and

**IT IS FURTHER ORDERED THAT** there being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

_____
HON. KAREN M. WILLIAMS
United States District Court Judge